### INTERNATIONAL REFUGEE ORGANI-ZATION v. BANK OF AMERICA NAT. TRUST & SAV. ASS'N.

United States District Court
S. D. New York.
July 18, 1949.

Francis M. Shea, Warner W. Gardner, Daniel M. Sandomire, New York City, attorneys for plaintiff.

Lyeth & Voorhees, New York City, attorneys for defendant, appearing specially for the purpose of this motion only (Edward I. Devlin, Jr., New York City, of counsel).

A. H. Feller, Lake Success, New York, General Counsel and Director of the Legal Department, United Nations, as amicus curiae (Paolo Contini, Carol M. Crosswell, Blaine Sloan, Lake Success, New York, of counsel).

LEIBELL, District Judge.

The defendant, appearing specially for the purposes of this motion, has moved—

"for an order vacating and setting aside the purported service of the summons herein on Bank of America National Trust and Savings Association, and dismissing the complaint on the ground that said defendant is a National Banking Association, organized and existing under and by virtue of the National Banking Laws of the United States, and has its principal office and place of business in the City of San Francisco, California, and, pursuant to law, cannot be sued in any court not embracing within its territorial jurisdiction the City of San Francisco, California.

"Please take further notice that on the summons and complaint herein we shall move at the same time and place for an order vacating and setting aside the purported service of the summons herein, and dismissing the complaint on the ground that the United States District Court for the Southern District of New York has no jurisdiction of the plaintiff herein and has no jurisdiction of the cause of action herein."

Annexed to the notice of motion are photostats of two certificates by the United States Comptroller of Currency: (1) a certificate dated March 1, 1927, that "Bank of Italy National Trust and Savings Association in The City of San Francisco in the County of San Francisco and State of California is authorized to commence the business of Banking as provided in section 5169 of the Revised Statutes of the United States"[1]; and (2) a certificate dated November 1, 1930 that "Bank of Italy National Trust and Savings Association, located in the City of San Francisco, in the Coun-

ty of San Francisco and State of California" and "Bank of America of California, located in the City of San Francisco, in the County of San Francisco and, State of California" having complied with the statute, 40 Stat. 1043, entitled "An Act To provide for the consolidation of national banking associations * * *"[2] "have been consolidated under the charter of Bank of Italy National Trust and Savings Association and under the corporate title of 'Bank of America National Trust and Savings Association'." This certificate of November 1, 1940 recites the fact that "on the date of consolidation the consolidated bank has 353 branches, all located in the State of California."

Title 12 U.S.C.A. § 81 provides that:—

"The general business of each national banking association shall be transacted in the place specified in its organization certificate and in the branch or branches, if any, established, or maintained by it in accordance with the provisions of section 36 of this title."

The Marshal's return in the case at bar states that he served the summons on the defendant at 44 Wall Street, New York, N. Y., by "delivering to and leaving a copy thereof, together with a copy of the complaint with Francis X. Scufaro, Asst. Vice Pres."[3]

In its answering brief the defendant states:—

"The defendant is not doing business in the State of New York and has no office in that State for the transaction of business. As the Court will well appreciate, it is absolutely illegal and ultra vires for a national banking association to have any branch offices (except foreign branches) in any State of the Union other than that

---

1. T. 12 U.S.C.A. § 27.

2. T. 12 U.S.C.A. § 34a.

3. Rule 4(d), Federal Rules Civil Procedure, 28 U.S.C.A., provides that the summons and complaint shall be served together, and in 4(d) (3) that service shall be made—

"(3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is sub-

ject to suit under a common name, by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant."

in which it is incorporated. 12 U.S.C.A. §§ 81 and 36.) [4]

The defendant has a New York representative and this New York representative maintains an office at 44 Wall Street, New York City. No banking business of any kind whatever is done at such office. No deposits are received, no checks are cashed, no loans are made, and no letters of credit are issued. The office is merely for the convenience of the stockholders and customers of the bank and for giving incidental aid to it in the transaction of its business in California. Therefore, even if § 1391 of the new Judicial Code [28 U.S.C.A.] were applicable, which it is not, the plaintiff's premise that the defendant is either licensed to do business or is doing business in the Southern District of New York is entirely erroneous."

▪ Jurisdiction and venue, in relation to suits by or against national banks, were succinctly explained by Mr. Justice Black in Cope v. Anderson, 331 U.S. 461, at page 468, 67 S.Ct. 1340, 1343, 91 L.Ed. 1602, as follows:—

"For jurisdictional purposes, a national bank is a 'citizen' of the state in which it is established or located, 28 U.S.C. § 41 (16), 28 U.S.C.A. § 41(16), and in that district alone can it be sued. 12 U.S.C. § 94, 12 U.S.C.A. § 94." See also Leonardi v. Chase National Bank, 2 Cir., 81 F. 2d 19, certiorari denied 298 U.S. 677, 56 S.Ct. 941, 80 L.Ed. 1398.

Title 28 U.S.C.A. § 41(16) was repealed in June 1948 when Title 28 was revised (effective September 1, 1948) and the provisions of old § 41(16) are now found in new § 1348 which reads as follows:—

"§ 1348. Banking association as party

"The district courts shall have original jurisdiction of any civil action commenced by the United States, or by direction of any officer thereof, against any national banking association, any civil action to wind up the affairs of any such association, and any action by a banking association established in the district for which the court is held, under chapter 2 of Title

12, to enjoin the Comptroller of the Currency, or any receiver acting under his direction, as provided by such chapter.

"All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."

▪ No change was made in T. 12 U.S. C.A. § 94 by the 1948 revision of Title 28, and said § 94 is in full force and effect.

In fact, section 94 of Title 12 is one of the exceptions to the general venue section, § 1391 of Title 28 U.S.C.A., which provides:—

"§ 1391. Venue generally.

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside.

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, except as otherwise provided by law.

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes.

"(d) An alien may be sued in any district."

Title 12 U.S.C.A. § 94 (part of the National Bank Act) provides:—

"§ 94. Venue of suits

"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases. R.S. § 5198; Feb. 18, 1875, c. 80, § 1, 18 Stat. 320; Mar. 3, 1911, c. 231, § 291, 36 Stat. 1167."

4. Cf. American Surety Co. v. Bank of California, 9 Cir., 133 F.2d 160.

■ The defendant National Bank is established in the City of San Francisco, State of California. The United States District Court for the Northern District of California, Southern Division, is the proper venue for the action at bar. T. 28 U.S.C.A. § 84. The venue of this action has been laid in the wrong district, the Southern District of New York. The defendant has interposed timely and sufficient objection to the venue and thus has complied with T. 28 U.S.C.A. § 1406(b).

Section 1406(a) of T. 28 U.S.C.A., as that section was amended May 24, 1949, by Public Law 72 of the 81st Congress, 63 Stat. 89, 101, provides:—

"§ 1406. Cure or waiver of defects

"(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

■ In the second part of defendant's present motion, defendant challenges the right of the plaintiff to sue in any United States District Court. The briefs of counsel for the parties, and the brief filed on behalf of the United Nations, as amicus curiae, contain a very informative discussion of this point. Plaintiff contends the federal courts have jurisdiction under T. 28 U.S.C.A. § 1331, the International Organizations Act, T. 22 U.S.C.A. § 288a, the I. R. O. Act, T. 22 U.S.C.A. § 289, and Article 3, Sec. 2 of the United States Constitution. But since I intend to dismiss this action because it is laid in the wrong venue, I believe that the question of plaintiff's right to sue in a United States District Court [5] should be determined by the court in which the action will have to be tried, if the question is answered in the affirmative. The California district court would probably prefer to decide that question itself, rather than have the case transferred with the question already ruled upon by this Court.

■ The defendant's motion to dismiss this action is granted, solely for the reason that the action has been laid in the wrong district. There are no special circumstances here which require that the action, in the interests of justice, be transferred to the proper district, instead of being dismissed. It will be less complicated and more expeditious to dismiss this action than to transfer it. Plaintiff can start anew in the proper venue. Settle an order accordingly.

---

5. See International Refuge Organization v. Republic Steamship Corporation, D.C., — F. Supp. —. [Rehearing pending.]