JOSEPH RABINOWITZ, Plaintiff, *v.* KAISER-FRAZER CORPORATION et al., Defendants.

Supreme Court, Special Term, Kings County, March 13, 1950.

*Edward I. Devlin, Jr.,* and *Sidney Kelly, Jr.,* for Bank of America National Trust & Savings Association, defendant appearing specially.

*Aaron Schwartz* for plaintiff.

WALSH, J. This is one of two motions by defendants to dismiss the complaint. The defendant, Bank of America National Trust & Savings Association, appearing specially, moves to dismiss upon the ground that, being a national banking association established and located in the county and city of San Francisco, California, it cannot under express provision of Federal statute (U. S. Rev. Stat., § 5198; U. S. Code, tit. 12, § 94) be sued elsewhere without its consent.

In opposition it is urged that the section relied upon was repealed years ago, although retained in error in the codification of the Federal laws; also, that, in any event, the language of the section to that effect has been construed by New York State courts and held to be permissive, not mandatory.

Briefly, it is the position of the plaintiff that section 5198 of the United States Revised Statutes (antecedent, along with § 57 of the Act of June 3, 1864, 13 U. S. Stat. 99, 116, of the present U. S. Code, tit. 12, § 94) was repealed necessarily by section 4 of the Act of July 12, 1882 (22 U. S. Stat. 162, 163) which, in its expressed terms, provided for the repeal of laws and parts of laws inconsistent therewith; that despite such repeal it was erroneously " resurrected " by the compilers of the United States Code in 1925, who preserved as section 86 of the first sentence of section 5198 (relating to penalties for usury) and as section 94 the last sentence of section 5198 (the restriction as to the place of suit, etc.). Although the United States Code is only presumptively the law (see prefatory note thereto) lawyers and even courts relied thereon and were misled, resulting in later conflicting decisions on this subject, plaintiff argues, which error persisted until 1948 when the code compilers " recognized their mistake by incorporating the Act of 1882 in the 1948 Supplement to Title 12 U. S. C. A. as section 94a."

It is to be noted at this point that section 94a as thus " resurrected " was repealed by Congress on June 25, 1948 (ch. 646, § 39, eff. Sept. 1, 1948; 62 U. S. Stat. 992). Such repealer, however, plaintiff says, did not have the effect of reviving the earlier law since a repealing statute does not re-enact a former statute—a proposition with which the court can agree.

The difficulty which confronts plaintiff's argument, however, is that section 5198 dealing with " venue " was not " necessarily repealed " by section 4 of the Act of July 12, 1882, dealing with " jurisdiction " and that subsequent and authoritative decisions of Federal courts up to and including the United States Supreme Court have so held (not having been led astray by reliance on an " error " of the compilers of the United States Code as plaintiff views it).

See in this respect *Cope* v. *Anderson* (331 U. S. 461) where, at page 467, the United States Supreme Court makes the pertinent comment that "For jurisdictional purposes, a national bank is a 'citizen' of the state in which it is established or located * * * and in that district alone can it be sued. 12 U. S. C. § 94." (To the same effect see *First Nat. Bank of Charlotte* v. *Morgan*, 132 U. S. 141; *International Refugee Organization* v. *Bank of America*, 86 F. Supp. 884, and *Leonardi* v. *Chase Nat. Bank of City of N. Y.*, 81 F. 2d 19. See, also, *Crofoot* v. *Giannini*, 196 Misc. 213; *Raiola* v. *Los Angeles Trust & Sav. Bank*, 133 Misc. 630, and authorities cited in both.)

Plaintiff relies as to the second basis of opposition on certain early decisions of the New York Court of Appeals, the latest being *Talmage* v. *Third Nat. Bank* (91 N. Y. 531, 537). In this case the Court of Appeals, following the position taken by it in earlier decisions (*Cooke* v. *State Nat. Bank of Boston*, 52 N. Y. 96, 109, and *Robinson* v. *National Bank of Newberne*, 81 N. Y. 385, 387) held that section 5198 of the United States Revised Statutes as amended in 1875 with respect to "suits, actions and proceedings" against any association under this title "was permissive, not mandatory"; also that, inasmuch as such section before the amendment dealt with the subject of usury "there is some ground for claiming that this amendment was to be limited and confined to cases where actions were brought against National banks for penalties under the law cited."

Both of these bases were rejected by later holdings in "the court of last resort for the construction of Federal statutes" to which the State courts must yield. (*Van Reed* v. *People's Nat. Bank*, 173 N. Y. 314, 320, affd. 198 U. S. 554; *Frank* v. *Mercantile Nat. Bank*, 182 N. Y. 264, 268.)

That the requirement of the statute was mandatory, not permissive was stated in *First Nat. Bank of Charlotte* v. *Morgan* (*supra,* p. 145). In this case a national bank located in one County of North Carolina had permitted itself to be sued in another county of that State, raising the question of its immunity from suit other than at the situs of its location for the first time on the appeal. Being a matter of venue, the Supreme Court ruled that the protection given by the statute could be, and had been, waived. Had the bank chosen, however, to invoke it when originally sued, its claim in this respect, the court indicated, would have had to have been recognized. (Even if the opinion here be dictum it is judicial dictum as distinguished from obiter dictum in that it is laid down as an authoritative "guide for future conduct" — see *Chance* v. *Guaranty Trust Co.*, 164 Misc.

346, 350, affd. 251 App. Div. 855.) Commenting on the statute, generally, the court said (132 U. S. 145): " This exemption of national banking associations from suits in state courts, established elsewhere than in the county or city in which such associations were located, was, we do not doubt, prescribed for the convenience of those institutions, and to prevent interruption in their business that might result from their books being sent to distant counties in obedience to process from state courts. * * * But, without indulging in conjecture as to the object of the exemption in question, it is sufficient that it was granted by Congress, and, if it had been claimed by the defendant when appearing in the Superior Court of Cleveland County, must have been recognized."

That the section applied only to usury prosecutions was negatived by applications given it in later cases such as *Casey* v. *Adams* (102 U. S. 66, 67). (See in this respect study and comment in *Leonardi* v. *Chase Nat. Bank of City of N. Y., supra,* p. 21. Plaintiff concedes this — brief, p. 5.)

Plaintiff argues, finally, that as a result of the 1948 general revision of the United States Judicial Code, more particularly subdivision (c) of section 1391 of the new title 28 of United States Code entitled " Venue Generally " it is entitled to sue the defendant bank here. But such revision does not expressly repeal and has left unaffected the specific provisions of section 94 of the banking title, which is controlling, for the reasons stated.

Therefore, the motion to vacate the summons and dismiss the complaint is granted. Settle order on notice.