Lawrence H. Cooke, J.
Defendant moves to vacate service of the summons and complaint upon the ground that the court does not have jurisdiction of the person of defendant. (See CPLB 3211, snhd. [a], par. 8.)
At the end of February, 1964, the Commonwealth Bank and Trust Company, a banking institution organized under the laws of the Commonwealth of Pennsylvania, was consolidated with the Union National Bank of Pittsburgh, the resulting consolidated bank being known as the Union National Bank of Pittsburgh with its principal banking house located in the City of Pittsburgh where it conducts a banking and trust business. On May 27,1964 a copy of the summons and complaint herein was served personally at Pittsburgh on an officer of the Union National Bank of Pittsburgh. The transaction out of which the action arises took place in 1962.
Any national banking association or any bank incorporated under the laws of any State may, with the approval of the Comptroller and upon compliance with legal requirements, be con *828 solidated with one or more national banking associations located in the same State under the charter of a national banking association and the corporate existence of each of the consolidating banks or banking associations participating in such a consolidation shall be merged into and continued in the consolidated national banking association (U. S. Code, tit. 12, § 215, subds. [a], [e]). After the consolidation of a State bank with a national bank, the corporate existence of each bank is merged into the consolidated national bank (10 Am. Jur. 2d, Banks, § 28, p. 54) and the consolidated national bank is subject to Federal jurisdiction and Federal statutes applying to national banks (cf. City Nat. Bank of Poughkeepsie v. Phelps, 97 N. Y. 44, 51).
For jurisdictional purposes, a national bank is a “ citizen ” of the State in which it is established or located and in that district alone can it be sued (U. S. Code, tit. 12, § 94; Michigan Nat. Bank v. Robertson, 372 U. S. 591; Cope v. Anderson, 331 U. S. 461, 467; First Nat. Bank of Charlotte v. Morgan, 132 U. S. 141; Buffum v. Chase Nat. Bank of City of N. Y., 192 F. 2d 58, 60; Leonardi v. Chase Nat. Bank of City of N. Y., 81 F. 2d 19, cert. den. 298 U. S. 677; International Refugee Organization v. Bank of America, 86 F. Supp. 884; Chaffee v. Glens Falls Nat. Bank & Trust Co., 204 Misc. 181, affd. 283 App. Div. 694; Rabinowitz v. Kaiser-Frazer Corp., 198 Misc. 312; Crofoot v. Giannini, 196 Misc. 213; Raiola v. Los Angeles First Nat. Trust & Sav. Bank, 133 Misc. 630). A national bank is established, within the meaning of the Federal statute in question, only in the place where its principal office and place of business is as specified in its organization certificate, a suit against such a bank being maintainable only in the place of its establishment, i.e., its location, if there be no waiver or consent (Buffum v. Chase Nat. Bank of City of N. Y., supra). The resulting consolidated national bank not being established in New York and there being no waiver or consent it cannot be sued here.
Plaintiff urges that the Commonwealth Bank and Trust Company was organized under the laws of Pennsylvania, that under the statutes of that State the charter of said State bank did not terminate upon consolidation and that, therefore, section 94 of title 12 of the United States 'Code is not applicable. Said argument overlooks the basic premise that after consolidation the corporate existence of the State bank was merged into a consolidated national banking association and, being a national banking association under title 12, suits against it were circumscribed by the provisions of section 94 thereof. (Cf. Mertz v. Guaranty Trust Co., 247 N. Y. 137, 141.) The resulting consolidated bank was a national banking association and, as such, it *829 was intended that the statute in question be for its convenience and to prevent interruption in its business that might result from its books being sent to distant places in obedience to process from State courts (First Nat. Bank of Charlotte v. Morgan, 132 U. S. 141, supra). As such an institution, it was entitled to the statutory benefit and this court cannot deprive it of same whether it might prefer to do so or not.
A national bank is subject to State law unless that law interferes with the purposes of its creation, or destroys its efficiency, or is in conflict with some paramount Federal law (Lewis v. Fidelity Co., 292 U. S. 559, 566). To rule otherwise than herein indicated would be to allow the Pennsylvania statute to interfere with the paramount Federal law, i.e., section 94 of title 12. Motion granted.