Lawrence H. Cooke, J.
Defendant, a national banking association, moves pursuant to CPLR 510 (subd. 1) for a change of venue from Sullivan County to Nassau County, contending that the former is not a proper county. Before service of its answer, defendant served a demand that the action be tried in Nassau County and within 15 days thereafter instituted this application (see CPLR 511, subds. [a], [b]).
It appears without dispute that defendant is ‘' established ’ ’ or “ located ” in Nassau County (see par. “ third” of complaint) with no office or branch in Sullivan County.
Mercantile Nat. Bank v. Langdeau (371 U. S. 555) is decisive. There, the issue was whether a Federal statute (U. S. Code, *449 tit. 12, § 94), rather than a Texas statute, determined in which State court a national bank may be sued (p. 558) and the court concluded “ that national banks may be sued only in those state courts in the county where the banks are located ” (p. 561) and that the Federal ‘ ‘ statute must be given a mandatory reading ’ ’ (p. 562). (See, also, Rev. Stat., § 5198 [1878], U. S. Code, tit. 12, § 94; Charlotte Nat. Bank v. Morgan, 132 U. S. 141, 145; Buffum v. Chase Nat. Bank of City of N. Y., 192 F. 2d 58, 60, cert. den. 342 U. S. 944; Leonardi v. Chase Nat. Bank of City of N. Y., 81 F. 2d 19, 22, cert. den. 298 U. S. 677; International Refugee Organization v. Bank of America, 86 F. Supp. 884; Rabinowitz v. Kaiser-Frazer Corp., 198 Misc. 312; Crofoot v. Giannini, 196 Misc. 213; Raiola v. Los Angeles First Nat. Trust & Sav. Bank, 133 Misc. 630.) Motion granted.