John H. Galloway, Jr.,
J. In each of the aihove-entitled actions (which are not consolidated, but in which one decision is being filed herein) plaintiffs-judgment creditors served upon the State National Bank of Connecticut at Stanford, Connecticut, by certified mail, restraining notices pursuant to CPLR 5222 (subd. [a]) and information subpoenas pursuant to CPLR *459 5224 (subd. [a], par. 3) in an. of the enforcement of certain money judgments each had recovered agabast the defendant, judgment debtor, Bye Motors, Inc.
The judgment creditors seek to punish the bank for contempt of this court because it has sold and disposed of property of the judgment debtor in disregard of the restraining notices, and because it has failed to respond to the information subpoenas served upon it.
The respondent bank resists the motions to punish it for contempt on the ground that, as a national banking association having its principal business office at Bridgeport, Connecticut, it is immune from process issued out of this court.
The plaintiffs-judgment creditors argue that the bank is subject to this court’s jurisdiction because it conducts business in this State in repossessing buses and motor vehicles in .Westchester and Nassau Counties, sells goods thus obtained at public auctions, and has substantial dealings with Westchester businesses and residents, including the judgment debtor, in the financing of purchases of motor vehicles in this and other counties of this State.
It appears from the papers submitted on these motions that the respondent bank is a national banking association organized under the laws of the United States (U. S. Code, tit. 12, § 21 et seq.), and that its principal place of business is in Bridgeport, Connecticut, as set forth in its charter, and that it is established and located there.
For jurisdictional purposes, a national bank is a citizen of the State in which it is established and located, and in that district alone can it be sued (U. S. Code, tit. 12, § 94; Cope v. Anderson, 331 U. S. 461, 465, 467; Charlotte Nat. Bank v. Morgan, 132 U. S. 141; National Commercial Bank & Trust Co. v. Commonwealth Bank S Trust Co., 43 Misc 2d 827).
The venue requirements in suits against national banking associations are set forth in section 94 of title 12 of the United States Code: “ Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases ”,
These requirements are mandatory, in the absence of consent or waiver (Rabinowitz v. Kaiser-Frazer Corp., 198 Misc. 312; Mercantile Nat. Bank v. Langdeau, 371 U. S. 555, 561; cf. Chaffee v. Glens Falls Nat. Bank & Trust Co., 204 Misc. 181, affd. 283 App. Div. 694).
*460 Thus proper venue as against a national banking association is determined by section 94 of title 12 of the United States Code, and such an association is “established” or “located”, as those terms are used in section 94, only at the association’s principal place of business, and at such place only may it be sued (Chemical Fat's & Oils Corp. v. Chase Manhattan Bank, N. Y. L. J., Nov. 12, 1964, p. 16, col. 3); that it is to say, suits in State courts against such an association are limited to the county or city in the State in which the principal office of the bank is located. ■
We are of course aware that pursuant to CPLR 5222 (subd. [a]), a restraining notice shall be served personally in the same manner as a summons or by registered or certified mail; and that an information subpoena issued pursuant to CPLR 5224 (subd. [a], par. 3) may be served by registered or certified mail. We observe, however, that the service of a restraining notice or an information subpoena does not commence a ‘ ‘ proceeding ’ ’, but each is an independent remedy or device deemed to arise out of the action which gave rise to the judgment, for the enforcement of which it is provided. Indeed these two devices, as also the numerous other devices provided in article 52, CPLR are not “proceedings”, but rather aspects of the enforcement of a money judgment. They do not arise out of a “ proceeding ” independent of the action which gave rise to the judgment, but out of the action itself (cf. Practice Commentaries, Siegel, McKinney’s Cons. Laws, Book 7B, CPLR 5221, 5222, 5224).
We find nothing in the foregoing sections and rule or in article 52 or elsewhere in the CPLR which warrants us in recognizing as effective or valid the service of a restraining order or information subpoena by mail (or even personally) outside this State on a nondomiciliary foreign national banking association.
Although a restraining order under CPLR 5222 (subd. [a]) shall be served personally in the same manner as a summons, and CPLR 302 (subd. [a], par. 1) and 313 enable a New York court to exercise personal jurisdiction over any- nondomiciliary as to a cause of action arising from an act of transacting business within this State, in the same manner as if he or it were a domiciliary of the State, by service of a summons without the State in the same manner as service is made within the State, we find nothing in these sections or elsewhere in article 3, CPLR which warrants us in concluding that these provisions were legislatively intended to apply to process issued in the enforcement of money judgments under the provisions of article 52, *461 CPLR with respect to a nondomiciliary foreign national banking association.
It has been held that a nondomiciliary foreign corporation which transacts business in New York may be sued in New York on any cause of action arising out of the transaction (Steele v. De Leeuw, 40 Misc 2d 807). But the nondomiciliary there was not a national banking association.
In our opinion, the immunity to suit in a foreign State granted to a national banking association by the National Banking Act (U. S. Code, tit. 12, § 94), in the absence of a waiver thereof or consent to submit to such foreign court’s jurisdiction, is preeminent over the jurisdiction and venue provisions of the State of New York as embodied in the provisions of article 3 and article 52 of the CPLR. As was said in Crofoot v. Giannini (196 Misc. 213) since a national banking association is a creature of Federal, rather than State law, the question of where it can be sued is governed by Federal laws. Since an action may not be maintained in a New York court against a nondomiciliary national banking association in the absence of consent or waiver, it follows a fortiori, in our opinion, that such an association may not be subjected to contempt proceedings based upon process issued by this court to enforce a money judgment recovered in a New York action in which the national banking association could not have been made a party.
But plaintiffs-judgment creditors say that the respondent bank has waived the statutory exemption from process, first, by conducting a substantial business in this county and elsewhere in this State in connection with the financing of motor vehicles purchased by residents of New York; and second, by invoking the jurisdiction of this court in three actions (which are not shown to be related to the actions here involved).
As to the first alleged ground of waiver: Respondent urges that its charter limits its conduct of business to within the State of Connecticut, and that it is specifically prohibited by its charter from having a branch office in the State of New York; that it makes no loans in this State to any person, firm or corporation, but that it does acquire retail installment contracts covering motor vehicles made between New York dealers and purchasers which are presented by the dealers to respondent at its Stanford, Connecticut office; that as assignee of such dealers, respondent in compliance with the requirements of articles 4 and 10 of the New York Personal Property Law, in the event of the chattel mortgagor’s default and its retaking the vehicle, respondent is obligated to sell it at public auction and publish notice thereof *462 in New York newspapers. In this connection, respondent bank has filed in Albany a statement of trust receipt financing between it and the judgment debtor Bye Motors, Inc., under which title to all motor vehicles involved in the financing of purchasers was preserved in the respondent bank.
A national bank may waive its exemption and privileges under section 94 of title 12 of the United States Code by failure to assert them or by its conduct (Michigan Nat. Bank v. Robertson, 372 U. S. 591; Buffum v. Chase Nat. Bank, 192 F. 2d 58, cert, den. 342 U. S. 944). In our opinion the burden is on plaintiffs to show that the respondent bank has waived its exemption and has submitted itself to this court’s jurisdiction (cf. Wilcox-Gay Corp. v. Hosho of America, 22 Misc 2d 869). In our judgment plaintiffs have failed to meet that burden.
In Bair v. Michigan Nat. Bank (175 Neb. 875) it was held that a contract provision that all matters relating to execution, interpretation, validity and performance of the contract assigned to a national bank located in Michigan were to be governed by the laws of the State of residence of the buyers who resided in Nebraska was not a waiver of the national bank’s privilege from suit in Nebraska.
In Buffum v. Chase Nat. Bank (supra) the Chase Bank, established and located in New York City, was authorized and admitted to do a fiduciary business in the State of Illinois. The Federal Court of Appeals (7th Circuit) held that the bank had not waived its immunity from suit in the State of Illinois except as to such actions as were related to its fiduciary business in Illinois, and that as to acts unrelated to such business the bank was immune from suit in the courts of that State. It was also so held in Chemical Fats é Oils Corp. v. Chase Manhattan Bank (N. Y. L. J., Nov. 12,1964, p. 16, col. 3, supra).
In the latter case Judge MoG-matn stated (in an apparent obiter dictum) that even the conduct of a general business by a branch bank within this district would not constitute a consent by a bank whose main office was in another district to be served in this district. (See Leonardi v. Chase Nat. Bank, 81 F. 2d 19, cert. den. 298 U. S. 677.)
In our opinion the respondent bank has not been shown to have waived its exemption or consented to submit to this court’s jurisdiction to either a limited or general extent. Nor have the plaintiffs established, in view of the nature of respondent bank’s transactions in Connecticut with the judgment debtor, that respondent sold or disposed of any property owned by the judgment debtor at the time of issuance of the restraining notices and of the information subpoenas. Consequently there is no *463 basis upon which respondent bank could be held in contempt of this court’s process.
As to the second alleged ground of waiver:
(1) We are also of .the opinion that the invoking by respondent bank of the jurisdiction of this court in other unrelated actions does not constitute a waiver of its exemption and a general submission to this court’s jurisdiction in respect of the instant proceedings to enforce the money judgments recovered by the plaintiffs in wholly unrelated actions.
(2) Plaintiffs further argue that respondent bank’s discussion in its opposing affidavits of the merits and substance of the applications to punish it for contempt, constitutes a waiver of its statutory exemption. We believe this is without merit, because in each instance respondent challenges the jurisdiction of this court to entertain the contempt proceedings against it without its consent; and because its discussions of the “ merits and substance ” of the applications pertain, in essence, to its nonsubmission to this or any other New York court’s jurisdiction (ef. CPLR 320, subd. [lb]).
(3) The several motions to punish the respondent State National Bank of Connecticut for contempt in each of the two entitled actions are denied.