PER CURIAM.
In a suit for declaratory decree filed in Dade County, Florida, the appellant, a national bank resident and “established” in Chicago, Cook County, Illinois, was joined as a defendant, and a mandatory injunction was sought against the bank. It was alleged the bank had entered into a contractual arrangement in Dade County through a certain individual as its agent. Service on the bank was made in Dade County by serving said individual as its agent. The bank moved to quash service, claiming improper venue. The motion and a supporting affidavit disclosed the location of the national bank in Illinois and that it maintained only one banking office, which was in that state. The bank’s claim of improper venue was based on § 94 of Title 12, U.S.C.A., relating to national banks, which provides as follows:
"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such' association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.”
The chancellor denied the motion, and the bank filed this interlocutory appeal. The federal statute prescribing venue in the district or county in which the bank is located is mandatory, unless waived. Mercantile Nat. Bank at Dallas v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523.
We consider inapplicable the case of County of Okeechobee v. Florida Nat. Bank, 112 Fla. 309, 150 So. 124, relied on by appellees. It was held there that a national bank sued in a county other than where located, had waived the improper venue. In addition, in that case there was presented the special circumstance that the action was upon a joint obligation of two national banks, one being located in the county in which the action was filed.
In our opinion the motion filed on behalf of the defendant national bank should have been granted, and accordingly the order appealed from is reversed.
Reversed.