324 So.2d 94 (1975)
A. Fred VANN, Appellant,
v.
FIRST NATIONAL BANK IN LITTLE ROCK, a National Banking Institution, Appellee.
No. 75-947.
District Court of Appeal of Florida, Third District.
December 16, 1975.
Rehearing Denied January 23, 1976.
Starr W. Horton, Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings and W. Sam Holland, Miami, for appellee.
Before PEARSON, HENDRY and NATHAN, JJ.
NATHAN Judge.
This is an interlocutory appeal by appellant, A. Fred Vann, plaintiff in the trial court, from an order dismissing appellee, First National Bank in Little Rock, as a party defendant on the ground of improper venue.
Vann brought suit against certain individual residents of Dade County, Florida, formerly doing business as Barnes Detective Agency Automobile Recovery Bureau, Inc., a Florida corporation, and First National *95 Bank in Little Rock, alleging certain illegal and tortious acts committed by the bank's agent, Barnes Auto Recovery Bureau, Inc., in Dade County, against Vann, growing out of a repossession by Barnes Auto Recovery of an automobile owned by Vann.
The bank filed its motion to dismiss, asserting its privilege of venue under 12 U.S.C. § 94.[1] Vann contends that the venue privilege was waived because the bank did not raise the issue of privilege in its initial motion to dismiss but rather by a second motion to dismiss filed while the former was pending but had not been argued before the court. We find that the motion to dismiss as to venue was timely made. See Rule 1.140 R.C.P. The law is well established that the venue privilege may be waived. First National Bank of Charlotte, North Carolina v. Morgan, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282; Michigan National Bank v. Robertson, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961. The question of waiver of this privilege has been determined on a case by case basis, Am.Jur., Venue (1st Ed) § 46. The primary purpose of 12 U.S.C. § 94 was to prevent inconvenience and interruption in the conduct of the bank's business which might result from removal of records to a foreign district for purposes of defending a lawsuit. Northside Iron & Metal Company, Inc. v. Dobson & Johnson, Inc., 5th Cir.1973, 480 F.2d 798, 800. Suits against banks were limited to the place where the bank was established because this is where the bank was "found" and its records were there.
When a bank "locates" itself in another jurisdiction for the limited transaction of business and commits tortious acts, by and through its agent, such as is alleged in this case, we hold that it has waived its privilege to the extent of being sued on the local transaction or activity involving the alleged tortious acts. Compare Buffum v. Chase National Bank of City of New York, 7th Cir.1951, 192 F.2d 58.
Reversed.
NOTES
[1] "§ 94. Venue of suits.

Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases... ."