HAVERFIELD, Judge.
By way of this interlocutory appeal, defendants seek re.view of an order denying their motions to dismiss in this action for usury, breach of contract and fraud.
The instant litigation arises out of an agreement for an accounts receivable financing loan between plaintiff Rotocast Products, Inc. and one of the defendants Exchange National Bank of Chicago. The loan was guaranteed by the individual plaintiffs Robert and Carolyn Grossman. An eight count complaint seeking compensatory and punitive damages was filed against Exchange Bank, Lincolnshire Financial Services, Inc., Edward Sax and Steven Bronson. In their complaint, plaintiffs alleged in pertinent part that (1) Exchange Bank has full time officers and employees who work out of the same offices as its subsidiary Lincolnshire, a Florida corporation; (2) some of these Exchange Bank employees at times purport to be employees of Lincolnshire; (3) Exchange Bank conducts its business from the Miami office of Lincolnshire under the guise of operating Lincolnshire’s business; (4) Edward Sax is a citizen and resident of Dade County and a vice president of Exchange Bank; (5) Steven Bronson is a citizen and resident of Chicago and a vice president of Exchange Bank.
Appellant Exchange Bank moved to dismiss for lack of jurisdiction over its person and improper venue in that being a national banking corporation with its office and principal place of business in Illinois, an action against it may be brought only in the district in which it is located as set out by § 94 of Title 12 U.S.C.A., which provides:
“Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.”
Appellant Lincolnshire moved to dismiss for failure to join an indispensable party, *789 Exchange Bank, since the complaint alleges that the acts committed by Lincolnshire were done as agent for or on behalf of Exchange Bank. Therefore, if Exchange Bank is not found subject to the court’s jurisdiction, then Lincolnshire should be dismissed.
Appellant Edward Sax moved to dismiss and quash service of process for insufficiency of service of process alleging that (1) his usual place of abode is Mexico, (2) service had been attempted upon him by serving his brother, George, and (3) proof of service did not show that the Dade County address given was his usual place of abode.
Defendant Steven Bronson (not a party to this appeal) moved to dismiss for lack of personal jurisdiction and insufficiency of service of process.
The trial judge denied all the motions to dismiss except that of Bronson. Exchange Bank, Lincolnshire and Sax appeal the denial of their respective motions to dismiss.
Appellants first contend that the court erred in failing to dismiss Exchange Bank on the ground of improper venue. We find this point well taken.
The federal statute prescribing venue in the district or county in which the bank is located is mandatory unless waived. National Bank of North America v. Associates of Obstetrics and Female Surgery, Inc., 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976); Exchange National Bank of Chicago v. Rock, Fla.App.1967, 197 So.2d 52. Further the commission of a tort or the entering into a contractual arrangement in a foreign district is an insufficient basis for inferring a waiver of the venue privilege. National Bank of North America, supra; Northside Iron & Metal Co., Inc. v. Dobson & Johnson, Inc., 480 F.2d 798 (5th Cir. 1973); Exchange National Bank, supra. Exchange Bank not having waived the prescribed venue privilege, we conclude the court erred in the denial of the motion to dismiss for improper venue.
With respect to appellants’ second contention that the court erred in denying the motion of Edward Sax to dismiss for insufficiency of process and insufficiency of service of process, we find that the requirements of § 48.031,[1] Fla.Stat., F.S.A. were not complied with in that, inter alia, the proof of service did not state that service was made on Edward Sax, nor did it show that service was made on Sax at his usual place of abode or copies left there with some person of the family over the age of 15 years.[2]
We also considered the final point on appeal with respect to the denial of Lincoln-shire’s motion to dismiss and find it is without merit.
For the reasons stated, this cause is remanded to the trial court with directions to grant the motions to dismiss of appellants Exchange Bank and Edward Sax.

. “48.031 Service of process generally
“Service of original process is made by delivering a copy thereof to the person to be served with a copy of the complaint, petition or other initial pleading or paper or by leaving such copies at his usual place of abode with some person of the family over fifteen years of age and informing such person of their contents. Minors who are or have been married shall be served as provided in this section.”

. Edward’s brother, George, being a visitor and not a member of the household.