BOYER, Chief Judge.
By this interlocutory appeal, we are called upon to determine whether appellant, a national banking association, waived by its actions the privileges afforded to it by the Federal Venue Statute concerning actions against national banks. See 12 U.S.C. § 94.[1]
In 1973, appellee and her husband obtained an automobile loan from appellant and pledged the car as security. Appellant, which maintains no other branch or business location, has its principal place of business in Broward County. Although sporadic payments were made over a three year period, appellant finally repossessed the automobile in September of 1976, while the car was parked on a public street in Jacksonville. For purpose of this appeal, appel- *848 lee concedes that the loan was in default at the time of repossession. Appellee initiated an action in Duval County for wrongful deprivation of her personal property and great mental suffering and embarrassment. Appellant’s motion to abate or transfer based upon 12 U.S.C. § 94 was denied by the trial court which relied upon Vann v. First National Bank, 324 So.2d 94 (Fla.3d DCA 1975).
By judicial interpretation, the provisions of 12 U.S.C. § 94, though couched in permissive language, are mandatory.[2] A national bank, however, may waive the privileges afforded by 12 U.S.C. § 94.[3] Thus, in the case sub judice, appellant, having its principal place of business in Bro-ward County, was entitled to defend this action in that county unless it waived its venue privilege.
Appellant acknowledges that Vann v. First National Bank, supra and a subsequent case emanating from this Court[4] are factually indistinguishable from the case sub judice and would be controlling, but argues that this Court should recede, from its earlier opinion. In particular, appellant urges the Court to follow Northside Iron and Metal Co., Inc. v. Dobson & Johnson, Inc., 480 F.2d 798 (5th Cir. 1973), wherein the court specifically stated, though as dicta, “We think it clear that commission of a tort in a foreign district is also an insufficient basis for inferring waiver of the venue privilege.”[5] We are aware that the weight of authority is in accord with the Northside decision.[6] Moreover, we are cognizant of the recent opinion of our sister court which agreed with the above-quoted portion of the Northside decision and wherein Judge Nathan, author of the Vann opinion, concluded that the Third District should recede from the Vann opinion.[7]
Notwithstanding the above,'we continue to adhere to our prior position. In at least two previous opinions, the United States Supreme Court has remanded cases involving the same waiver issue involved herein for resolution by the state courts.[8] In considering the waiver issue sub judice, we reaffirm the logic contained in the Vann decision and adhere to our holding in Barnett Bank of Winter Park v. Alford, supra.
In order to facilitate review by the Supreme Court of Florida, which court denied certiorari in Barnett Bank of Winter Park v. Alford, supra, and in order that the matter may be finally settled in Florida for guidance of the bench and bar alike, we certify this opinion as passing upon a question of great public interest.
AFFIRMED.
McCORD and MILLS, JJ., concur.

. “Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which association may be established, or in each State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases.”

. Mercantile National Bank v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963).

. National Bank of North America v. Associates of Obstetrics and Female Surgery, Inc., 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976).

. Barnett Bank of Winter Park v. Alford, 332 So.2d 81 (Fla. 1st DCA 1976), cert. den., 339 So.2d 1167 (Fla.1976).

. Northside Iron & Metal Co., Inc. v. Dobson & Johnson, Inc., at p. 800.

. See Annotation at 1 ALR 3d 904 et seq.

. Exchange Nat’l. Bank of Chicago v. R. P. P., Inc., 341 So.2d 787 (Fla.3d DCA 1977).

. Michigan National Bank v. Robertson, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963); National Bank of North America v. Associates of Obstetrics and Female Surgery, Inc., supra.