HAVERFIELD, Judge.
Defendant national banking association takes this interlocutory appeal to review an order denying its motion to dismiss for improper venue and lack of jurisdiction over its person.
Plaintiffs, Melru International, Ltd., is a Florida corporation which sells fish and shrimp products. Defendant Finnsilver, a Michigan corporation, agreed to purchase from Melru fish for $83,220.05 and to make part payment from the defendant Michigan National Bank of Detroit through an irrevocable letter of credit for $50,000 payable to Melru as beneficiary. Melru delivered the fish; but claims that Finnsilver never paid for it and that payment was refused when the letter of credit was presented upon Michigan National Bank. Thereupon, Mel-ru filed suit here in Dade County against Finnsilver for $83,220.05 and against Michigan National for $50,000 for breach of the letter of credit. In the complaint Melru alleged that both defendants were engaging in business in Dade County. Michigan National filed a motion to dismiss the complaint for lack of jurisdiction over its person and improper venue in that it was a national banking association with its principal place of business in Detroit, Michigan and pursuant to the venue provisions of Title 12, Section 94, U.S.C. (National Banking Act) may only be sued in the district or county where it is established. Attached to this motion were supporting affidavits to the effect that Detroit, Michigan was the Bank’s principal place of business and that the Bank does not engage in or carry on business in Dade County. Melru filed opposing affidavits to the effect that Michigan National Bank was doing business in Dade County. The trial judge after hearing denied the motion on the ground that Michigan National had waived its venue privilege by virtue of its activities in Florida. Michigan National filed this interlocutory appeal and then moved for a stay in the trial court of further proceedings until this court disposed of the appeal. The trial judge entered an order staying the proceedings conditioned upon Michigan National posting a $50,000 bond and that the bond remain in effect until it obtains a dismissal with prejudice, defense judgment or satisfies any judgment of Melru entered against it. Michigan National filed in this court a motion to vacate or modify the stay order on the grounds that the amount of the bond is excessive and the other conditions arbitrary and unreasonable. Oral argument on this motion was heard by this court. Although argument was confined only to this motion, the entire record and briefs of the respective parties on the merits have already been filed and, therefore, in the interest of justice and expediting this matter, we have decided to dispose of this interlocutory appeal. Cf. Boire v. International Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers of America, 479 F.2d 778 (5th Cir. 1973); Zabel v. Pinellas County Water & Nav. Control Auth., 154 So.2d 181, 186 (Fla. 2d DCA 1963).
The firmly established law still remains that the federal statute prescribing venue in the district or county in which the national bank is located is mandatory unless expressly waived; the commission of a tort or the entering into a contractual arrangement in a foreign district is an insufficient basis for inferring a waiver of the venue privilege. See Exchange National Bank of Chicago v. Rotocast Plastics Products, Inc., 341 So.2d 787 (Fla. 3d DCA 1977) and cases cited therein. Guided by this principal of law, a review of the record fails to demonstrate a waiver by Michigan National of its venue privilege. We, therefore, conclude *1141 that the court erred in failing to grant Michigan National’s motion to dismiss and remand the cause to the trial court to enter an order dismissing this action against Michigan National Bank for improper venue.
Reversed and remanded with directions.