358 So.2d 180 (1978)
LANDMARK BANK OF WEST BROWARD, N.A., Petitioner,
v.
Dolores GIROUX, Respondent.
No. 51801.
Supreme Court of Florida.
March 9, 1978.
Rehearing Denied May 23, 1978.
*181 William E. Scheu and Edward L. Kelly of Ulmer, Murchison, Ashby & Ball, Jacksonville, and James J. Blosser of English, McCaughan & O'Bryan, Fort Lauderdale, for petitioner.
William A. MacGuire, Jacksonville, for respondent.
ENGLAND, Justice.
The First District Court of Appeal asks us by certified question[1] whether a national banking association waives its venue privilege under 12 U.S.C. § 94 (1970), by repossessing the automobile of a borrower in default on a public street in a county where the bank maintains no business location.[2] We answer this certified question in the negative.
Section 94 of Title 12, United States Code, provides in relevant part:
"Actions and proceedings against any association under this chapter may be had ... in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."
The venue provisions of Section 94 are mandatory,[3] but any national bank may waive its federal venue privilege.[4] The issue is whether Landmark Bank did so in this case.
In August 1973, while residents of Broward County, Florida, respondent and her husband obtained an automobile loan from Landmark Bank, a national banking association whose principal and only place of business in Florida is Broward County, pledging the automobile as security for the loan. Taking the automobile with her, respondent subsequently moved to Duval County, Florida. After several defaults by respondent under the note and security agreement, petitioner repossessed the automobile on a public street in Duval County. Prior to repossession, late payments had been accepted by petitioner, but at the time of repossession, the loan was admittedly in default. Respondent filed suit in Duval County for wrongful deprivation of her personal property and great mental suffering and embarrassment. Landmark Bank's motion to transfer the case to Broward County, based on 12 U.S.C. § 94, was denied by the trial court.
On appeal the district court adhered to its prior decision in Barnett Bank of Winter Park v. Alford, 332 So.2d 81 (Fla. 1st DCA), cert. denied, 339 So.2d 1167 (Fla. 1976), a case in which the court had followed Vann v. First National Bank in Little Rock, 324 So.2d 94 (Fla. 3d DCA 1975). The venue waiver question was then certified to us.
A waiver of the federal venue privilege is shown by conduct demonstrating voluntary and intentional relinquishment or abandonment on the part of the national bank. The Fifth Circuit Court of Appeals has held that the commission of a tort is insufficient to constitute a waiver. Northside Iron & Metal Co. v. Dobson & Johnson, Inc., 480 F.2d 798 (5th Cir.1973). Repossession of transitory loan collateral has specifically been held not to constitute a venue *182 waiver in Brown v. Bank of America National Trust & Savings Association, 281 F. Supp. 82 (N.D.Ill. 1968), and Nevada National Bank v. Superior Court, 45 Cal. App.3d 966, 119 Cal. Rptr. 778 (1975).
We agree with the decided weight of authority that the mere repossession of loan collateral does not constitute an affirmative act of waiver.[5] For this purpose there is a world of difference between a bank's voluntary entry into a foreign domain for the transaction of business, and its pursuit of transitory collateral at the time of default to a locale selected by the defaulting borrower.
The certified question is answered in the negative, the decision of the First District Court of Appeal is quashed, and the case is remanded for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and SUNDBERG and HATCHETT, JJ., concur.
KARL, J., dissents with an opinion, with which ADKINS and BOYD, JJ., concur.
KARL, Justice, dissenting.
I would agree with the District Court of Appeal's affirmative response to this question. Although recognizing that the District Court of Appeal, Third District, in Exchange National Bank of Chicago v. Rotocast Plastic Properties, Inc., 341 So.2d 787 (Fla. 3rd DCA 1977), had effectually receded from its earlier decision in Vann v. First National Bank, supra, the District Court, in the case sub judice, adhered to its prior decision in Barnett Bank of Winter Park v. Alford, supra, and reaffirmed the logic contained in the Vann decision.
In Vann v. First National Bank, supra, the District Court opined:
"The law is well established that the venue privilege may be waived. First National Bank of Charlotte, North Carolina v. Morgan, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282; Michigan National Bank v. Robertson, 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961. The question of waiver of this privilege has been determined on a case by case basis, Am.Jur., Venue (1st Ed) § 46. The primary purpose of 12 U.S.C. § 94 was to prevent inconvenience and interruption in the conduct of the bank's business which might result from removal of records to a foreign district for purposes of defending a lawsuit. Northside Iron & Metal Company, Inc. v. Dobson & Johnson, Inc., 5th Cir.1973, 480 F.2d 798, 800. Suits against banks were limited to the place where the bank was established because this is where the bank was `found' and its records were there.
"When a bank `locates' itself in another jurisdiction for the limited transaction of business and commits tortious acts, by and through its agent, such as it alleged in this case, we hold that it has waived its privilege to the extent of being sued on the local transaction or activity involving the alleged tortious acts. Compare Buffum v. Chase National Bank of City of New York, 7th Cir.1951, 192 F.2d 58."
Accordingly, I would answer the posited question in the affirmative, approve the decision of the District Court of Appeal, sub judice, and discharge the writ.
ADKINS and BOYD, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] The decision of the district court is reported at 345 So.2d 847.
[3] See Radzanower v. Touche Ross & Co., 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976); Mercantile Nat'l Bank v. Langdeau, 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963).
[4] National Bank of North America v. Associates of Obstetrics & Female Surgery, Inc., 425 U.S. 460, 96 S.Ct. 1632, 48 L.Ed.2d 92 (1976).
[5] See also Exchange Nat'l Bank v. Rotocast Plastics Prods., Inc., 341 So.2d 787 (Fla. 3d DCA 1977), in which the Third District Court of Appeal essentially receded from its Vann decision.