357 So.2d 743 (1978)
FIRST PENNSYLVANIA BANK, N.A., Appellant,
v.
Robert P. ORECK, Appellee.
No. 77-2446.
District Court of Appeal of Florida, Fourth District.
April 10, 1978.
*744 Robert J. Pleus, Jr., and Edward A. Marod of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for appellant.
Michael G. Williamson, of Johnson, Motsinger, Trismen & Sharp, Orlando, for appellee.
MOORE, Judge.
This is a timely interlocutory appeal from an order denying appellant's motion to dismiss for improper venue. Appellant contends that venue is controlled by 12 U.S.C.A. § 94 and that it can be sued only in the state or district in which it is established. We agree and reverse.
Appellant (hereafter referred to as Bank) is a national banking association with its office and principal place of business in Montgomery County, Pennsylvania. Appellee filed a three count complaint against Bank in the Ninth Judicial Circuit Court of Florida seeking specific performance of an alleged contract and damages for breach of contract regarding the development and sale of land which Bank owned in Orlando, Florida. The Bank does not maintain a branch office in Florida, and virtually all negotiations between the parties occurred by telephone and correspondence between Pennsylvania and Florida.
The venue for suits against national banking associations is governed by 12 U.S.C.A. § 94:
"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."
The statute permits national banking associations to be sued in federal courts in the district in which they are "established." This means the city identified in the bank's charter. See, Radzanower v. Touche Ross & Co., 426 U.S. 148, 96 S.Ct. 1989, 48 L.Ed.2d 540 (1976). In state courts the association can be sued in the county in which it is "located," meaning any county in which it maintains a branch bank. Citizens & Southern Bank v. Bougas, 434 U.S. 35, 98 S.Ct. 88, 54 L.Ed.2d 218 (1977).
The bank's venue privilege may be waived by failing to raise the venue issue prior to defending a suit, First National Bank of Charlotte v. Morgan, 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889), or by so conducting itself that it is apparent a waiver was intended. Buffum v. Chase National Bank of City of New York, 192 F.2d 58 (7th Cir.1951). In Buffum the court well stated the general principles controlling waiver of the venue privilege:
"Waiver is a voluntary and intentional relinquishment or abandonment of a known or existing right or privilege, which, except for such waiver, would have been enjoyed. 67 C.J. 289. It may be expressed formally or it may be implied as a necessary consequence of the waiver's conduct inconsistent with an assertion of retention of the right. It must be proved by the party relying upon it. And if the only proof of intention to waive rests on what a party does or forbears to do, his act or omissions to act should be so manifestly consistent with and indicative of an intent to relinquish voluntarily a particular right that no other reasonable explanation of his conduct is possible." (Emphasis added). Buffum at 60.
*745 Numerous courts have refused to find a waiver of the venue privilege where banks have had very substantial connections with the forum state. These cases would indicate that the mere ownership of land does not constitute such a waiver. For example, in Bechtel v. Liberty National Bank, 534 F.2d 1335 (9th Cir.1976), Bechtel asserted that the New Mexico bank waived its venue privilege:
"by negotiating the earnest money contract in Arizona, instituting forfeiture and receivership proceedings in Arizona, and obtaining judgment on Bechtel's promissory note in an Arizona court." 534 F.2d at 1339-1340.
Even though the New Mexico bank was quite active in Arizona, the court held that there was no waiver of the venue privilege and the bank could only be sued in the proper district in New Mexico:
"We simply cannot accept the proposition that the bank's limited use of the Arizona judicial process in the forfeiture and receivership proceedings evidenced such an intent. [citations omitted]. Neither can we believe that the negotiation in Arizona of an earnest money agreement for the sale of Arizona land, or the bank's suit to recover on Bechtel's personal note deprived the bank of its congressionally conferred right to be sued only in its home county." 534 F.2d at 1340.
The commission of a tort or the entering into a contractual arrangement in a foreign district have both been held to be insufficient to imply an intention to waive the venue privilege. See, Exchange National Bank of Chicago v. Rotocast Plastics Products, Inc., 341 So.2d 787 (Fla. 3d DCA 1977); Northside Iron and Metal Co. v. Dobson and Johnson, Inc., 480 F.2d 798 (5th Cir.1973); Landmark Bank of West Broward, N.A. v. Giroux, 358 So.2d 180 (Fla. 1978). See also, Nevada National Bank v. Superior Court, 45 Cal. App.3d 966, 119 Cal. Rptr. 778 (1975) and Sulil Realty Corp. v. Rye Motors, Inc., 45 Misc.2d 458, 257 N.Y.S.2d 111 (Westchester County Court 1965).
In those cases where a waiver of the venue privilege has been found, the bank's activities in the foreign district have been quite extensive. Thus, in Helco Inc. v. First National City Bank, 333 F. Supp. 1289 (D. St. Thomas and St. John 1971), the bank advertised extensively in the Virgin Islands and competed with the local banks. In Michigan National Bank v. Superior Court, 23 Cal. App.3d 1, 99 Cal. Rptr. 823 (1972), in a suit for conversion of an airplane, the plane was purchased and housed in California, all relevant documents were executed and performed in California, and the bank resorted to self-help in California to enforce its security.
The burden of proving a waiver of the venue privilege is on the party arguing that the waiver exists. In the case before us the extent of the appellee's allegations and proof is that Bank owned property in Orlando. The essence of appellee's argument on appeal is that Bank waived its venue privilege by conducting a land investment business in Orlando but there is no pleading, nor was there any proof adduced in the lower court, to support such a contention. Appellee's assertion of waiver, therefore, is based solely on the unexplained ownership of the land by the bank in Orlando. Consistent with the many authorities cited, we hold that such an allegation, even if proved, does not support a manifest intention by Bank to relinquish its congressionally granted right to be sued in the district in which it is established.
Although we agree that the historical purpose of the bank venue statute has well outlived its usefulness as indicated in Northside Iron and Metal Co. v. Dobson and Johnson Inc., supra, we are compelled to reason that if such statute is to be repealed, the Congress of the United States is the only body which has the authority to do so.
Accordingly, the trial court's order denying appellant's motion to dismiss for improper venue is REVERSED and this cause REMANDED with instructions to grant said motion.
REVERSED and REMANDED.
ALDERMAN, C.J., and DOWNEY, J., concur.