RYDER, Judge.
Appellant claims the trial court erred in denying its motion to dismiss pursuant to the venue provision under 12 U.S.C. § 94 (1970). We agree and reverse.
While residents of Michigan, appellees obtained an automobile loan from appellant, which was located in the state of Michigan, pledging the automobile as security for the loan. As a result of continuing repayment deficiencies, appellant attempted to make contact with appellees only to be informed that appellees had moved to Florida. Following numerous attempts to contact appel-lees concerning the arrearage on their account, appellant sent them a registered letter reminding appellees of the delinquent status of their loan and advising them that appellant would “expect all future payments within ten days of their due date.”
In March 1980, appellant’s payment records reflected appellees’ consumer loan account as continuing one month in arrears. Thereafter, appellant requested that Falcon International, located in Florida, recover from appellees the automobile which serves as appellant’s security.
Following repossession of their automobile, appellees filed suit for wrongful deprivation of the property. Appellant moved to transfer the case to Michigan, under authority of 12 U.S.C. § 94, which provides in part:
Actions and proceedings against any [national banking] association under this chapter may be had ... in any State, County, or Municipal Court in the County or City in which said association is located having jurisdiction in similar cases.
The lower court denied the motion, finding that the acts of appellant, acting through its agent, were “sufficient to shock the community unwarranted by either commercial necessity or legal authority.” Allegedly, the repossession occurred when the appellant’s agent, Falcon International, trespassed after warning on the private property of appellees and produced a fraudulent document purporting to be a court order, thereby inducing appellees’ consent for removal of their vehicle.
While this court does not condone appellant’s alleged acts through its agent, we feel we are bound by the Florida Supreme Court decision in Landmark Bank of West Broward, N.A. v. Giroux, 358 So.2d 180 (Fla.1978), wherein it is stated that repossession of transitory loan collateral has specifically been held not to constitute a venue waiver. Also, the supreme court cited with approval the Fifth Circuit Court of Appeals’ decision that held the commission of a tort is insufficient to constitute a waiver. See Northside Iron and Metal Co. v. Dobson & Johnson, Inc., 480 F.2d 798 (5th Cir. 1973).
Based on the supreme court decision in Giroux, we reverse the trial court’s order and remand this case for further proceedings consistent with this opinion.
BOARDMAN, A.C.J., and DANAHY, J., concur.