REQUESTED BY: Wesley D. Nespor, Greeley County Attorney
Under Section 77-2313, may a branch bank apply for the privilege of keeping funds of the county when the branch is physically located within the county But the main bank is located in another county?
Yes.
Neb.Rev.Stat. § 77-2313 (Reissue 1990) provides in part: Any bank or capital stock financial institution located in the county may apply for the privilege of keeping money upon the following conditions: . . . specific conditions omitted
In the example that you have provided in your inquiry, a bank served as a depository approved by the county but, subsequently it merged with a bank in another county and became a branch of that other bank. Your question then revolves around the issue of whether or not, by ceasing to be the main bank and becoming a branch bank, the branch still satisfies the requirements of Section 77-2313 by being "located in the county."
The Nebraska Supreme Court has carefully construed the predecessors of the current statutes relating to county fund deposits in order to assure maximum protection for the county. As the court said in Massachusetts Bonding Ins. Co. v. Steele, 125 Neb. 7, 10, 248 N.W. 643 (1933):
 We think, clearly, that under the statutes quoted and the previous decisions of this court, the county treasurer was not authorized to deposit county funds in any bank except when it had been duly designated as a depository. . . Being duly designated as a depository for county fund deposits can be a significant benefit to a bank or other financial institution.
Nebraska statutes have been amended repeatedly to allow Nebraska financial institutions to compete in the increasingly competitive environment in which financial institutions find themselves. To keep Nebraska financial institutions competitive in the banking system regionally and nationally, the Nebraska Legislature has provided increased opportunities for mergers. If a financial institution branch would no longer qualify as a county fund depository because only the charter or main location was considered to be "located in the county," such an interpretation could weaken some institutions and be a deterrent to some future mergers. This could have the affect of defeating the legislative purpose of allowing greater flexibility in financial institution mergers.
A number of jurisdictions across the country have interpreted the word "located" as it relates to financial institutions to include branch banks. For instance, in First Pennsylvania Bank, NA v. Oreck, 357 So.2d 743 (Fla.App. 1978), the Florida District Court of Appeals for the Fourth District held that for purposes of the federal statute under consideration:
 In State courts the association can be sued in the county in which it is "located," meaning any county in which it maintains a branch bank.
Id. at 744. To the same effect see Southland Mobile Homes of South Carolina, Inc. v. Associates Financial Services Co., Inc., 244 S.E.2d 212 (SC 1978); Holson v. Gosnell,216 S.E.2d 539 (SC 1975); Security Mills of Ashville, Inc. v. Wachovia Bank and Trust Company, 189 S.E.2d 266 (NC 1972).
In determining the appropriate interpretation of "located" in Neb.Rev.Stat. § 77-2213, rules of statutory interpretation from the Nebraska Supreme Court should be followed. Thus, the Nebraska Supreme Court has held:
 In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning; this court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. . . . Furthermore, it is not within the province of this court to read a meaning into a statute which is not warranted by the legislative language; neither is it within the province of this Court to read anything plain, direct, and unambiguous out of a statute.
Commerce Savings Scotts Bluff, Inc. v. F.H. Schafer Elevator, Inc., 231 Neb. 288, 300-1, 436 N.W.2d 151 (1989).
The statute provides that a bank which is located in the county may apply for the privilege of keeping county funds. A branch bank provides a physical presence in the county. Thus a branch bank is located in the county for the purposes of the statute under consideration. Moreover, an interpretation which does not impede mergers is consistent with the legislative intent of banking statutes in general. Both the clear and unambiguous language of Section 77-2313
and the legislative purpose it serves provide that, if any branch bank is physically present in the county, that branch bank is "located in" the county.
Sincerely,
DON STENBERG Attorney General
LeRoy W. Sievers Assistant Attorney General