[Civ. No. 45456. Second Dist., Div. Four. Mar. 12, 1975.]

NEVADA NATIONAL BANK, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
BILL BOGART, Real Party in Interest.

## COUNSEL

McClean, Greenwald & Hoffman and Stephen R. Smith for Petitioner.

No appearance for Respondent.

Litt, Wells & Volchok and Paul M. Volchok for Real Party in Interest.

## OPINION

**KINGSLEY, J.**—Pursuant to subdivision (c) of section 418.10 of the Code of Civil Procedure, petitioner, a national banking association with its principal office in Nevada, seeks a writ of mandate to compel the granting of its motion to quash service of summons on it in an action brought against it by the real party in interest in the Superior Court, Los Angeles County. For the reasons hereinafter set forth, we grant the petition and order a peremptory writ to issue as prayed.

In 1971, the Real Party in Interest (Bogart), purchased an automobile in Nevada and, pursuant to a conditional sale agreement, financed the

purchase with petitioner. The papers then signed by Bogart gave his address as being in Nevada. In 1973, Bogart became a resident of California, brought the automobile to this state and thereafter remitted payments on his loan from California. Bogart fell behind in his payments and, on March 20, 1974, petitioner mailed to Bogart, at the address in California that Bogart previously had given petitioner, a letter demanding payment.[1] The letter was forwarded to Bogart who was then working in Nevada. On March 18th, Western Adjustors, Incorporated, acting on the orders of petitioner, repossessed the automobile. Bogart thereafter paid to petitioner the sums demanded of him (including a "repossession fee") and secured possession of his automobile. Thereafter Bogart filed the action herein involved against petitioner and against Western Adjustors and two individuals, seeking damages for the repossession and its consequences. Petitioner's motion to quash service of summons as to it was denied and the instant petition followed.

Unlike the typical case involving suits against a foreign corporation, we proceed here within statutorily prescribed narrow limits. ▆ Section 94 of title 12, United States Code, requires that actions against a national banking institution be brought only in a county in which the association is located. (*Mercantile Nat. Bank* v. *Langdeau* (1963) 371 U.S. 555 [9 L.Ed.2d 523, 83 S.Ct. 520]). The cases, however, have held that section 94, being for the protection of the bank, may be waived by it. (*Charlotte National Bank* v. *Morgan* (1889) 132 U.S. 141 [33 L.Ed. 282, 10 S.Ct. 37]; *Michigan Nat. Bank* v. *Superior Court* (1972) 23 Cal.App.3d 1 [99 Cal.Rptr. 823].

However, unlike the *Charlotte Bank* case, where the bank went to trial without raising the issue, and unlike the *Michigan Nat. Bank* case, where all of the transactions between the bank and the plaintiff were in California, the California contacts initiated by the bank in the case at bench were minimal. The removal of the automobile to California was an action of Bogart, not of the bank; the transmission of payments from California was Bogart's act. Since the last address of Bogart known to the bank was in California, the bank had no choice but to send its demands for payment to that California address. Since the automobile was in California by virtue of Bogart's act, the bank also had no choice but to institute repossession actions in this state. ▆ In short, we can find in the record no voluntary act of the bank, in California, that was not

---

[1] Because the demand for payment granted plaintiff a few extra days within which to cure his default, his counsel argues that a new contract "novation" (Civ. Code, §§ 1530, 1531) was entered into in California. The contention is without merit.

compelled by the necessities of Bogart's conduct. Nothing herein shows any intent on the part of the bank to waive the benefits of section 94 nor any conduct indicating a waiver. (See *Ebeling* v. *Continental Illinois Nat. Bank & Trust Co.* (1969) 272 Cal.App.2d 724 [77 Cal.Rptr. 612].)

Let a peremptory writ issue, directing respondent court to vacate its order, entered on December 9, 1974, in the case entitled Bill Bogart v. Nevada National Bank, et al., case number C-97109 in the files of said court, which order denied petitioner's motion to quash the service of summons on petitioner and to dismiss said action as to petitioner and thereafter make a new order granting petitioner's said motion.

Jefferson, Acting P. J., and Dunn, J., concurred.