[Civ. No. 44952. Second Dist., Div. One. July 16, 1976.]

J. G. FERGUSON PUBLISHING COMPANY,
Plaintiff and Appellant, v.
FIRST NATIONAL BANK OF BOSTON, Defendant and Respondent.

COUNSEL

Lillick McHose & Charles, Anthony Liebig, Douglas S. Westwater and Robert L. Morrison for Plaintiff and Appellant.

Gibson, Dunn & Crutcher, Fred F. Gregory and Norman Davidson III for Defendant and Respondent.

OPINION

HANSON, J.—Plaintiff J. G. Ferguson Publishing Company (hereinafter referred to as Ferguson), an Illinois corporation, commenced an action in Los Angeles Superior Court against defendants Universal Programming, Inc. (hereinafter referred to as UPI), a California corporation, and First National Bank of Boston, Inc. (hereinafter referred to as

the Bank), a Massachusetts corporation. Ferguson appeals from the trial court's order dismissing its complaint which alleged against Bank causes of action for interference with contractual relations, conversion and fraud.

## THE CASE

Plaintiff-appellant Ferguson's complaint against the Bank alleges, in substance, that: UPI and the Bank entered into a factoring arrangement whereby UPI became indebted to Bank in the sum of $1,800,000 as of April 1970; that Ferguson supplied encyclopedias to UPI and in early April 1970 had an account receivable from UPI; that Ferguson requested payment for amounts past due from UPI; that UPI on April 13 mailed to Ferguson a check in the amount of $30,568.22 which was the amount owing as of March 27, 1970; that the day after the check was mailed UPI stopped payment thereon; that one of Bank's officers or employees caused UPI to stop payment on the check although UPI's bank account contained funds sufficient to cover the payment.

After being served with a copy of the complaint, Bank filed a motion for an order to quash service and to dismiss the action because the court lacked venue (12 U.S.C. § 94). Title 12 of the United States Code is entitled Banks and Banking. Section 94 thereof provides: "Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or municipal court in the county or city in which said association is located having jurisdiction in similar cases."

The trial court in its minute order of September 7, 1973, granted a stay of the proceedings as to Bank on the ground that the action could be brought only pursuant to title 12 of the United States Code, section 94 (thus in Boston) and that there was no showing that Bank had waived those rights expressly or by implication. Plaintiff then filed an action (No. 73-3496-F) against the same defendants in federal district court in Boston, Massachusetts on January 25, 1974. At the time the briefs were filed in the present action the case had not been litigated in the Boston court. On February 28, 1974, an order dismissing Bank was issued by the Los Angeles court.

## ISSUE

Appellant Ferguson contends that the trial court erred in dismissing its action against Bank because the activities of Bank within the forum were so extensive and pervasive as to amount to an implied waiver of the federal venue statute.

## DISCUSSION

Cases involving national banks have held that venue is only proper in the county of the bank's main branch; the venue provisions of title 12 of the United States Code, section 94 are mandatory. (*National Bank of North America* v. *Associates of Obstetrics and Female Surgery, Inc.* (1976) 425 U.S. 460 [48 L.Ed.2d 92, 96 S.Ct. 1632]; *Mercantile Nat. Bank* v. *Langdeau* (1963) 371 U.S. 555 [9 L.Ed.2d 523, 83 S.Ct. 520]; *Central Bank* v. *Superior Court* (1973) 30 Cal.App.3d 913, 916 [106 Cal.Rptr. 696].)

The United States Supreme Court has established two exceptions to the statute. The first exception allows local actions, suits in the nature of proceedings in rem, to be brought in the jurisdiction where the object of the litigation is located. (*Casey* v. *Adams* (1880) 102 U.S. 66, 68 [26 L.Ed. 52, 53].) The second exception provides that although the section is mandatory, it may be waived by implication if a national bank does not timely assert its right to be sued only in the county of its main branch. (*Charlotte National Bank* v. *Morgan* (1889) 132 U.S. 141, 145 [33 L.Ed. 282, 284, 10 S.Ct. 37]; *Radzanower* v. *Touche Ross & Co.* (1976) 426 U.S. 148, 151, fn. 3 [48 L.Ed.2d 540, 545, fn. 3, 96 S.Ct. 1989].) In a more recent case, the Supreme Court ruled that waiver may also arise out of provisions in the contract between the parties; the case was remanded to the state court to determine if a waiver had been established by the contract. (*Michigan Nat. Bank* v. *Robertson* (1963) 372 U.S. 591, 594 [9 L.Ed.2d 961, 963, 83 S.Ct. 914].)

Following the Supreme Court's rulings on waiver, some state and federal courts have held that a bank can impliedly waive the venue provision by means other than contract. (*Reaves* v. *Bank of America* (S.D.Cal. 1973) 352 F.Supp. 745; *Michigan Nat. Bank* v. *Superior Court* (1972) 23 Cal.App.3d 1 [99 Cal.Rptr. 823].)

In *Reaves* v. *Bank of America, supra,* the bank had set up 66 branches in a county outside of the county in which its main branch was located. It

had sued 105 times in the county and had waived the section 338 times in an 8-year period by its failure to make a timely assertion of its rights under section 94. The court held that this "conduct warrants a strong inference of the relinquishment of a known right, the right to invoke the benefits of § 94." (*Id.,* at p. 750.)

In *Michigan Nat. Bank* v. *Superior Court, supra,* the court held that a bank which solicited in California for the refinancing of airplanes which were to be kept in California, although it had no offices or branches in the state, was subject to suit in California for actions which arose out of the bank's use of self-help (repossession) within the state. (23 Cal.App.3d at p. 11.)[1]

In these cases the court found that a waiver occurred when the defendant bank had either availed itself of the forum's courts or had used self-help provided by the forum's law. Where the bank's activities were extensive, it was held that waiver estopped the bank from asserting section 94 (*Reaves* v. *Bank of America, supra,* 352 F.Supp. 745) in future cases, but in *Michigan Nat. Bank* v. *Superior Court, supra,* 23 Cal.App.3d 1, the determination of waiver was limited to cases which arose from transactions and self-help engaged in by the bank within the state. Clearly, the determination of waiver turns on the facts. "In fact, it may very well be possible for the Bank of America to carry on full-service banking, making some adjustments, and yet be able still to invoke the fleeting benefits of § 94." (*Reaves* v. *Bank of America, supra,* at p. 750.)

When the bank made a loan on an automobile in Nevada and then undertook to repossess the automobile in California, no implied waiver of section 94 was found. The facts were deemed insufficient to show that the bank had intended to waive its rights, simply because it was compelled to resort to self-help in California. (*Nevada Nat. Bank* v. *Superior Court* (1975) 45 Cal.App.3d 966, 968-969 [119 Cal.Rptr. 778].)

The issue in the present case, therefore, is whether the defendant Bank's activities in California disclose its intent to waive the venue provision of section 94 under the criteria set forth in the foregoing decisions. Ferguson alleges in support of the theory of implied waiver that between July 1, 1969, and July 1, 1970, Bank entered into 3 loan-factoring agreements to Californians; that it made 7 to 12

---

[1]See also *National Bank of North America* v. *Associates of Obstetrics and Female Surgery, Inc., supra,* 425 U.S. 460, where the court on similar facts remanded (Apr. 27, 1976) to determine the issue of waiver.

other loans to Californians; that it employed 20 to 25 persons in California; and that it employed a nonexclusive special credit representative in this state. Ferguson further asserts that Bank engaged in self-help by instituting litigation in California courts two times within the ten-year period immediately preceding this action.

When in 1972 an action was instituted against Bank in the federal district court in California, it timely asserted the protection of section 94 in order to have the litigation transferred to the location of its main office. (*First Nat. Bank of Boston* v. *United States Dist. Ct., Cal.* (9th Cir. 1972) 468 F.2d 180.) Bank did not waive its rights to assert the statute, as had Bank of America, by defending lawsuits in the forum. Neither did Bank have any branch offices in California; it alleges that its choice of this forum for the institution of two prior actions was dictated by the fact that only in this state could jurisdiction be obtained over the defendants.

With respect to the case at bench, plaintiff Ferguson argues that since Bank allegedly told UPI to stop payment of the check to Ferguson, this is the type of self-help showing which implicitly waives the venue provisions of the statute. Even if Bank compelled UPI to stop payment on its check as Ferguson alleges, such conduct by Bank and/or its employee or officer is not the type of self-help which would constitute a waiver under the decisions in *Reaves* and *Michigan Nat. Bank.* "Both *Michigan Nat. Bank* and *Helco* involved situations where the banks had either utilized the local state courts as plaintiffs or had resorted to local law for self-help repossession statutes." (*Reaves* v. *Bank of America, supra*, 352 F.Supp. at p. 749.) Moreover, the *Helco* decision cited in *Reaves* (*Helco, Inc.* v. *First National City Bank* (D.C. Virgin Islands 1971) 333 F.Supp. 1289) was reversed on appeal ([3d Cir. 1972] 470 F.2d 883) where the court observed at page 885: "We do not think that the requisite intent to waive this venue right can be implied merely from the act of doing business outside the district in which the bank is established."

In the present case Bank did not engage in self-help; the two lawsuits it filed here solely because of jurisdictional requirements; and when sued here, it timely asserted its rights under section 94. The facts are distinguishable from those in *Reaves* and *Michigan Nat. Bank, supra,* which do not constitute controlling precedent on the issue of waiver. " 'Whether there has been a waiver is ordinarily a question of fact.' " (*Wolf* v. *Price* (1966) 244 Cal.App.2d 165, 173 [52 Cal.Rptr. 889]; see also *Lyons* v. *Brunswick-Balke etc. Co.* (1942) 20 Cal.2d 579, 583 [127 P.2d

924, 141 A.L.R. 1173].) The trial court correctly determined that the conduct of Bank in the present case was insufficient to show that it intended to waive its rights under section 94.

The order of dismissal is affirmed.

Wood, P. J., and Lillie, J., concurred.

On August 12, 1976, the opinion was modified to read as printed above.