[Civ. No. 48895. Second Dist., Div. Four. Oct. 29, 1976.]

IRVING LEVINE et al., Plaintiffs and Appellants, v.
SECOND NATIONAL BANK OF DANVILLE,
Defendant and Respondent.

## COUNSEL

Geffner & Mannis and James Geffner for Plaintiffs and Appellants.

Voegelin & Barton, Charles J. Schufreider and Joel K. Belway for Defendant and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Plaintiffs appeal from an order granting defendant bank's motion to quash service on it. For the reasons set forth below, we reverse the order.

Plaintiffs sued to recover rent allegedly unpaid on leases of real property in California. The complaint joined, as a defendant, respondent bank, a national banking institution having its place of business in Illinois. The bank was joined on the theory that the bank had acquired all of the assets of the lessee, rendering lessee insolvent, with resultant damage to plaintiffs.

No question is here raised as to the sufficiency of the complaint to state a cause of action against the bank. The sole issue is whether, on the facts as shown by the record, the bank is subject to suit in California.

As we said in *Nevada Nat. Bank* v. *Superior Court* (1975) 45 Cal.App.3d 966 at page 968 [119 Cal.Rptr. 778]:

"Unlike the typical case involving suits against a foreign corporation, we proceed here within statutorily prescribed narrow limits. Section 94 of title 12, United States Code, requires that actions against a national banking institution be brought only in a county in which the association is located. (*Mercantile Nat. Bank* v. *Langdeau* (1963) 371 U.S. 555 [9 L.Ed.2d 523, 83 S.Ct. 520]). The cases, however, have held that section 94, being for the protection of the bank, may be waived by it. (*Charlotte National Bank* v. *Morgan* (1889) 132 U.S. 141 [33 L.Ed. 282, 10 S.Ct. 37]; *Michigan Nat. Bank* v. *Superior Court* (1972) 23 Cal.App.3d 1 [99 Cal.Rptr. 823]."

In the case at bench, plaintiffs rely on the decision in *Michigan Nat. Bank* v. *Superior Court* (1972) *supra,* 23 Cal.App.3d 1. Defendant relies on the decision in *J. G. Ferguson Pub. Co.* v. *First Nat. Bank of Boston* (1976) 60 Cal.App.3d 188 [131 Cal.Rptr. 344]. We regard the *Michigan Nat. Bank* case as controlling and *Ferguson* as inapplicable.

In the *Michigan Bank* case, the bank had solicited, in California, on its own forms, the financing of airplanes located in California and had, thereafter, foreclosed, in California, on loans thus secured. The court sustained service on the bank in a California action. In *Ferguson,* although the bank therein involved had engaged in numerous activities in California in dealing with other persons, its sole connection with California was to enter into a factoring arrangement with a California corporation and to cause that corporation to stop payment on a check issued in favor of the plaintiff—an alleged creditor of the California corporation. The court held that the minimal contact did not amount to a waiver by the bank of its rights under section 94.

In the case at bench, defendant bank not only purchased all of the assets of a California corporation, which assets were located in California, but, thereafter, through one of its officers, came to California, entered on the leased premises for the purpose of inventorying and reducing to possession those assets, and entered into its own lease of those premises for the period required to conduct those activities. We regard those activities as being as much a use of self-help in California,

and as much a waiver of the bank's rights under section 94, as the activities held to constitute a waiver in the *Michigan Bank* case.

The order appealed from is reversed.

Dunn, J., and Jefferson (Bernard), J., concurred.

A petition for a rehearing was denied November 16, 1976, and respondent's petition for a hearing by the Supreme Court was denied December 22, 1976.