**Rita Munn ROBERTSON, Appellant,**

v.

**UNION PLANTERS NATIONAL BANK OF MEMPHIS, TENNESSEE,**
**Appellee.**

**No. 6656.**

Court of Civil Appeals of Texas,
El Paso.

Jan. 25, 1978.

Rehearing Denied Feb. 22, 1978.

Gloria T. Svanas, Odessa, for appellant.

Canada, Russell & Turner, Edward P. Russell, Jr., Memphis, Tenn., Shafer, Gilli-

land, Davis, Bunton & McCollum, Inc., Ray C. Stoker, Jr., Wm. Michael Holmes, Odessa, for appellee.

## OPINION

WARD, Justice.

Rita Munn Robertson filed suit in the District Court of Ector County against the Union Planters National Bank of Memphis, Memphis, Tennessee, to recover damages for alleged wrongful repossession of her automobile. The Defendant filed a motion to dismiss and/or vacate service asserting as one ground that it was a federally chartered national bank located only within Shelby County, State of Tennessee, and asserted that it could only be sued at that place under the provisions of Section 94, Title 12, of the United States Code. The trial Court, upon hearing, sustained the motion and dismissed the Plaintiff's suit. We affirm.

The Plaintiff purchased a 1973 Chevrolet automobile in West Memphis, Arkansas, on January 30, 1973, at which time she was living in Memphis, Tennessee. The purchase was financed through the Defendant/National Bank where she had an account. The Plaintiff then moved to Texas in April of 1973 and, prior to moving, she told a teller at the Bank that she was moving and that she was taking the automobile with her. According to the terms of the security agreement covering the automobile, monthly payments were in the sum of $147.08 and were due on the fifteenth day of each month. After her move, she made her payments by check drawn on an Odessa Bank. The evidence showed that the March, 1974, payment was made on April 25, 1974. The Plaintiff attempted to make the April payment by check dated May 8, 1974, but the repossession occurred on the night of May 8, 1974, before the check was received. The only testimony relative to the repossession is that the Plaintiff, after parking her car in the driveway of her home, locked the car and went to bed around 1:00 o'clock a. m. on the morning of May 9, 1974. When she awakened, the car was gone; she reported her

automobile as stolen and then telephoned the Defendant/Bank and was told that she could recover her personal property from the automobile from one Frosty Thomas in Odessa. She recovered her personal property, and by notice dated May 17, 1974, the Bank notified her that the automobile would be sold in Memphis, Tennessee, at public auction on May 24, 1974. According to the terms of the security agreement, default would exist if the buyer defaults in the payment of any installment due thereunder. The argument further provided that in the event of default, the Bank could, and without notice, declare all installments to be immediately due and payable and the Bank would then have all the remedies and rights of a secured party under the Uniform Commercial Code or any other applicable law. It further provided that the Bank could, with or without legal process and with or without previous notice or demand for performance, enter any premises wherein the vehicle might be and take possession of the same. On May 24, the Bank sold the automobile, and the Plaintiff then filed her suit alleging that the Bank had unlawfully converted the automobile by effecting an unauthorized and wrongful repossession without notice or hearing.

By her first point, the Plaintiff claims error of the trial Court in dismissing the suit as she states that the Defendant/Bank had filed a general appearance which was not in accordance with the requirements of Rule 120a, Tex.R.Civ.P. If we were only concerned with service of process under the long arm statute, Article 2031b, Tex.Rev. Civ.Stat.Ann., and a testing of the trial Court's jurisdiction over the person of the Defendant under the terms of Rule 120a, we would have no real problem. The special appearance made by the Defendant/Bank complied in substance with the requirements of Rule 120a, and, in our opinion, did not constitute a general answer. However, we would still be inclined to agree with the Plaintiff's position that the Defendant/Bank comes within the reach of Article 2031b, and that the Court had the jurisdiction of the case and could have de-

termined the Bank's potential liability at a full trial on the merits. The facts of the occurrence in this case are remarkably similar to those in *Arterbury v. American Bank and Trust Company,* 553 S.W.2d 943 (Tex. Civ.App.—Texarkana 1977, no writ), although there the defendant was a Louisiana corporation. There, the Court, in reversing the trial Court, held that jurisdiction should have been taken and that it was not unreasonable to require the non-resident to defend in this State the tort action of wrongful repossession which grew out of the very act committed in this State by the non-resident; that the very act within the State of seizing the automobile was a sufficient basis for the exercise of jurisdiction to determine whether or not the act gave rise to liability in tort; and that the merits of the alleged cause of action were not at issue in the jurisdictional hearing.

 But if we be in agreement with that decision and do sustain the Plaintiff's first point, that still does not decide this appeal. Here, we are within very narrow limits which have been mandated by an Act of Congress. Sec. 94, Title 12, U.S.C.A., requires that actions against a national banking institution be brought only in the County in which the association is located. The provisions of that Statute are mandatory. *Mercantile National Bank at Dallas v. Langdeau,* 371 U.S. 555, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963). However, this federally-guaranteed right to be sued in the County of its domicile may be waived by the Bank by either express or implied declaration or by failing to assert the privilege when sued outside its District. *Michigan National Bank v. Robertson,* 372 U.S. 591, 83 S.Ct. 914, 9 L.Ed.2d 961 (1963); *First National Bank of Charlotte, North Carolina v. Morgan,* 132 U.S. 141, 10 S.Ct. 37, 33 L.Ed. 282 (1889).

This brings us to the Plaintiff's second point, which is the assertion that there was a breach of the peace committed in Texas by the Bank in its self-help repossession, and that this creates a waiver of the Bank's statutory privilege to be sued in Tennessee. Waiver, as applied to a motion to dismiss

where the defending bank was an non-resident of the State, has not been passed upon directly by any case arising in our State Courts. Elsewhere it has. Thus, a case arose in California where a Michigan National Bank had actively solicited within the State of California for the financing of sales to California residents of airplanes that would be located in that State. There, when that Bank resorted to self-help to repossess an airplane under a security interest which had been created in California, the California Court held that it had waived its privilege to insist on being sued in Michigan. *Michigan National Bank v. Superior Court, Co. of Contra Costa,* 23 Cal.App.3d 1, 99 Cal.Rptr. 823 (1972). For similar results, see *Vann v. First National Bank in Little Rock,* 324 So.2d 94 (Fla.App.1975).

However, in a case similar to the facts before us, the contrary was held. There, a Nevada National Bank had financed a car in Nevada and the car owner had then moved to California and had fallen behind in his payments. The California Court held that the mere fact that the Nevada National Bank resorted to self-help in the State of California in effecting the repossession did not create a waiver. There, the Court emphasized that there was no voluntary act of the Bank that was not compelled by the necessities of the car owner's conduct, and, therefore, nothing showed any intent on the part of the Bank to waive the benefits of Section 94. *Nevada National Bank v. Superior Court for County of Los Angeles,* 45 Cal.App.3d 966, 119 Cal.Rptr. 778 (1975).

A Plaintiff argued unsuccessfully in Federal District Court that the Bank had waived its Section 94 immunity from suit in Georgia by committing a fraudulent act there. The Fifth Circuit, in discussing the definition of waiver, stated that a waiver may be inferred from conduct inconsistent with the assertion of the privilege. In order to constitute a waiver, the declaration or conduct relied on must demonstrate a "voluntary and intentional relinquishment or abandonment of the privilege." It held that the commission of a tort in a foreign district was an insufficient basis for infer-

ring waiver of the venue privilege. *Northside Iron and Metal Company v. Dobson and Johnson, Inc.,* 480 F.2d 798 (5th Cir. 1973). See generally, Annot. 1 A.L.R.3d 904; 10 Am.Jur.2d Banks, Sec. 836, p. 804 (1963).

Where the Section has been construed in this State it has been in connection with a plea of privilege and the same rules have been held to apply, particularly with regard to waiver. However, where self-help has been resorted to in effecting a repossession, a conflict has developed as to whether or not the self-help can constitute a waiver. The self-help doctrine, in connection with rather aggravated circumstances, was said to apply and the National Bank waived its venue rights in *Texas Commerce Bank National Association v. Tripp,* 516 S.W.2d 256 (Tex.Civ.App.—Fort Worth 1974, writ granted). That case became moot while the writ was pending in the Supreme Court which set aside the judgments of the trial Court and the Court of Civil Appeals with a notation that it was not passing on the merits. 18 Tex.Sup.Ct.Jr. 278 (April 12, 1975). In *First National Bank of Midland v. Stoutco, Inc.,* 530 S.W.2d 619 (Tex.Civ. App.—San Antonio 1975, writ dism'd), our traditional definition of waiver was emphasized by Chief Justice Barrow holding that waiver "requires an intentional relinquishment of a known right or intentional conduct inconsistent with claiming it." In that case, no waiver was found where the Bank obtained a writ of garnishment in Midland County which resulted in freezing the Plaintiff's bank account in Bexar County. Finding no waiver, the Plaintiff's suit in Bexar County alleging a wrongful garnishment was ordered transferred to Midland County.

Following the same thought that a waiver requires an intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right, no waiver was found in the self-help case of *Rivera v. Austin National Bank,* 547 S.W.2d 735 (Tex. Civ.App.—Corpus Christi 1977). Again, the facts there are similar to those in the case before us. There, the Bank resorted to self-help to repossess the mobile home of the Plaintiff in Cameron County. Following the holding in the *Stoutco* case, the Court found no waiver and affirmed the transfer of the case on plea of privilege to Travis County. Under the reasoning of the last two cases, we can find no waiver present in the instant case.

■ The Plaintiff argues that a breach of the peace occurred at the scene and that because of that an implied finding of waiver should be found. However, under the Plaintiff's testimony, there was neither force nor fraud nor breach of the peace. The repossession took place during the nighttime, and the Plaintiff was not aware that it occurred. In *Ford Motor Credit Company v. Cole,* 503 S.W.2d 853 (Tex.Civ. App.—Fort Worth 1973, writ dism'd), self-help repossession of the automobile occurred while the debtor and his family were asleep and that was held to be peaceful and lawful. There, the mortgage instrument stated that on default the creditor had a right to repossess the property wherever the same might be found with free right of entry. It was pointed out that Section 9.503 of the U.C.C. allows the secured party to take possession of collateral when the debtor defaults, and provides that the secured party may proceed without judicial process, if this can be done without breach of the peace.

Since the security agreement before us contains the provision providing for self-help upon default, and Sec. 9.503 of the U.C.C. approves of the action taken by the Bank, and since all occurrences taken in Texas were because of the Plaintiff's own conduct, we overrule the Plaintiff's second point and hold that the mandatory provisions of Sec. 94, Title 12, U.S.C.A., control. The judgment of the trial Court is affirmed.