Stephen J. KNUCKLEY, et
al., Appellants,

v.

NEW JERSEY BANK (N. A.), Appellee.

No. 18513.

Court of Appeals of Texas,
Fort Worth.

Dec. 10, 1981.

Rehearing Denied Jan. 28, 1982.

Banner, McIntosh & Dobbs, Wichita Falls, Storey, Armstrong, Steger & Martin and Charles P. Storey, Thomas H. Duke, Dallas, for appellants.

Law, Snakard & Gambill and Robert M. Randolph, Jonathan G. Kerr, Fort Worth, for appellee.

Before MASSEY, C. J., and SPURLOCK and HOLMAN, JJ.

OPINION

MASSEY, Chief Justice.

This appeal is from a summary judgment of dismissal granted because the court held it had no jurisdiction.

Stephen J. Knuckley and Anthony L. Leal had jointly entered into ownership of certain apartment property located in Wichita Falls, Texas with a New Jersey Bank (Bank), a national bank domiciled in the State of New Jersey. Disputes arose, culminating in a suit filed by Bank against both Knuckley and Leal in the District Court of Tarrant County.

By its judgment the court incorporated a settlement agreement signed by all three parties. Approximately a year after judgment was rendered, and under the same case, by number and style, Knuckley and Leal filed what they called a "counterclaim" grounded in a theory that Bank had failed to perform as ordered by the court in the prior judgment, and alleging a cause of action for tort. They prayed for actual and

exemplary damages and at the same time for an accounting upon the amount of their entitlement under the former judgment.

Bank filed a "Special Appearance To Present Motion To The Jurisdiction," in which it sought dismissal of the "newly filed suit" for want of jurisdiction of Knuckley's and Leal's "counterclaim." Subject to its "special appearance" Bank filed a motion for summary judgment as prayed for in the "special appearance" (i.e. the dismissed of what it deemed a new suit in its entirety). The summary judgment was granted. From such action Knuckley and Leal have perfected their appeal.

We reverse and remand.

■ Tex.R.Civ.P. 71, "Misnomer of Pleading," provides: "When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated." By the language of Knuckley's and Leal's "Counterclaim," is evident that at least part of the relief which they sought was an accounting to aid in the enforcement of the judgment already decreed. Bank's "Special Appearance To Present Motion To The Jurisdiction" could correctly be labeled "Plea to the Jurisdiction" of the court. By Rule 71 we will consider the substance of the pleading and not be guided by the labels attached thereto.

The Bank's special appearance was for the purpose of invoking the special venue provisions of 12 U.S.C.A. § 94, "(Banks and Banking—National Banks)—Venue of suits", (1945), which requires that all actions against a national bank must be filed in the district in which the bank is domiciled. Bank's claim was that the motion to enforce judgment ("Counterclaim") filed by Knuckley and Leal was in reality a new suit alleging new causes of action, that the district court of Tarrant County which had rendered the earlier judgment therefore had no jurisdiction, and that such suit could properly be filed against it only in New Jersey.

The nature of the summary judgment proceeding is discussed in McDonald, 4 Texas Civil Practices § 17.26.2, (1971) "(Summary Judgment) . . . B. When Proper. (I) On Whole Case. (II) On Part of Issues.", wherein is stated:

> "The summary judgment practice looks to a decision upon the merits of the action, and hence is not an appropriate vehicle for testing questions which normally arise on pleas in abatement and are concerned with the procedural right to maintain the action." (P. 130.)

The summary judgment order in this case clearly states that "Defendant New Jersey Bank (N. A.) is entitled to Judgment as a matter of law dismissing the proceedings upon the so-called 'Counterclaim' of Plaintiffs Stephen J. Knuckley and Anthony L. Leal, for want of jurisdiction. It is therefore ORDERED, ADJUDGED And DECREED that the . . . Plaintiff Stephen J. Knuckley and Anthony L. Leal and all proceedings attendant thereon be, and are hereby DISMISSED for want of jurisdiction. . . ."

■ Although by the wording of this order lack of jurisdiction is the only ground for dismissal the summary judgment, which is technically a disposal of the case on its merits, might be construed to bar relitigation of the issues if raised in any court, state or federal, anywhere in the United States. Such was clearly beyond the intent of the trial court, for it obviously acted in the belief it had no jurisdiction and therefore was foreclosed from any action save a dismissal, and that only on Bank's special plea. (A plea to the jurisdiction and a motion for a summary judgment would be mutually exclusive and if the plea should properly be sustained Bank would not have the essential "standing" to seek summary judgment.)

We find it obvious that Knuckley and Leal seek aid in the enforcement of the prior agreement incorporated into the judgment of the court some twelve months prior to the filing of their "Counterclaim" in addition to the relief in the form of damages for what is claimed to be the Bank's tort

occurring subsequent to the earlier judgment. Such prior judgment contains detailed, explicit instructions for allotting the various receipts and payments generated by ownership of the apartment property with clear division of such moneys specifically provided. The income and expenses might be determined therefrom at any time for the specific dollar amount to which each party is entitled could be mathematically calculated upon accounting. Specific provisions for regular accounting was also provided therein (by which any questions of proper judgment amount would be readily resolved). Knuckley and Leal obviously seek a final accounting and the payment authorized them by the judgment.

By Tex.R.Civ.P. 621a, "Discovery in Aid of Enforcement of Judgment", is provided that in the same suit in the same court which has rendered a judgment in Texas which has not become a dormant judgment the successful party may, for the purpose of obtaining information to aid in the enforcement thereof, initiate and maintain any discovery proceeding authorized by the rules for pretrial matters.

■ As applied to the nature of the provisions in the earlier judgment in the case before us we hold that Knuckley and Leal had the right to demand that New Jersey Bank, the defendant-in-judgment, make accounting so that a writ of execution might be issued for a correct judgment amount; that such, as a part of "discovery in aid of enforcement of judgment" is within the purview of Rule 621a. The Bank had already submitted to the jurisdiction of the trial court; indeed, as plaintiff in the case in which judgment was rendered it was the party which had invoked the court's jurisdiction.

■ On the above matter, to be considered as modified to fit the provisions of Rule 621a, is a rather exhaustive treatise in 33 C.J.S. p. 647, "Execution", beginning with § 345, "(Supplementary Proceedings) Nature and Purpose". At p. 660 subsequent see § 358, "Jurisdiction and Authority of Court or Judge", (1942) where the text when taken into consideration of Rule 621a leaves no doubt but that the Bank as the party litigant which invoked the jurisdiction of the court initially, has in this case continued as a party over which the court's jurisdiction obtained.

In accord on the matter of continuing jurisdiction are the following: *Hunt Production Co. v. Burrage*, 104 S.W.2d 84 (Tex. Civ.App.—Dallas 1937, writ dism'd); *Ex Parte Myrick*, 474 S.W.2d 767 (Tex.Civ.App. —Houston [1st Dist.] 1971, no writ); *Marriage of Higley*, 575 S.W.2d 432 (Tex.Civ. App.—Amarillo 1978, no writ); *Wagner v. Warnasch*, 156 Tex. 335, 295 S.W.2d 890 (Tex.1956); *Pollard v. Steffens*, 161 Tex. 594, 343 S.W.2d 234 (Tex.1961).

Whatever might have been the proper order of the court as applied to the pleading of the new cause of action there was error in the rendition and entry of summary judgment (even though it was one in dismissal). We hold that in material part the action was one for accounting (discovery) as a supplementary proceeding in aid to enforcement of judgment, to which there was entitlement by Rule 621a.

Reversed and remanded.