NEW JERSEY BANK (N. A.),
Petitioner,

v.

Stephen J. KNUCKLEY, et al.,
Respondents.

No. C–1082.

Supreme Court of Texas.

July 14, 1982.

Rehearing Denied Sept. 22, 1982.

Snakard & Gambill, Robert M. Randolph, Jonathan G. Kerr and H. Allen Pennington, Jr., Fort Worth, for petitioner.

Storey, Armstrong, Steger & Martin, Charles P. Storey and Thomas H. Duke, Dallas, Banner, McIntosh & Dobbs, Jack G. Banner, Wichita Falls, for respondents.

WALLACE, Justice.

This is an appeal from a trial court's summary judgment sustaining a special appearance. New Jersey Bank (N.A.) (the Bank) sought to remove the suit against it from the District Court of Tarrant County, Texas, under the authority of 12 U.S.C. § 94 (1945); which provides for venue of suits against national banks in the courts of the district in which such bank is established. The court of appeals reversed the judgment of the trial court. 626 S.W.2d 808. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

In 1978, the Bank filed suit in Tarrant County to foreclose a lien on an apartment project owned by Santa Fe Properties, Inc., in Wichita Falls, Archer County, Texas. Stephen J. Knuckley and Anthony L. Leal (Knuckley and Leal) were guarantors of the outstanding indebtedness supporting the lien. An agreement was reached by all the parties and incorporated into the final judg-

ment of May 7, 1979, whereby title and possession of the property was transferred to the Bank. All income in excess of operating expenses generated from the operation of the apartment project would be equally divided between the Bank and Knuckley and Leal. The judgment fully provided for the division and disbursement of all moneys received from sale of the property, and for periodic accounting to Knuckley and Leal by the Bank of the property's operation. The property was sold by the Bank on February 1, 1980. Pursuant to the judgment, an accounting consisting of a report of all income received, all disbursements made, to whom made and the reason therefor, was made periodically to Knuckley and Leal from the time the Bank took possession of the property until it was sold. A final summary furnished by the Bank to Knuckley and Leal set out the sale price and a breakdown of the disbursement of the sale proceeds.

On May 7, 1980, exactly one year subsequent to the signing of the judgment in the Bank's suit for foreclosure, Knuckley and Leal filed under the cause number of the original suit, a pleading entitled, "Counterclaim." In the pleading, Knuckley and Leal prayed for an order compelling the Bank to give a full and accurate accounting of the operation and sale of the apartment project; for damages of not less than $900,-000; for exemplary damages of $2,000,000; for attorney's fees, and for prejudgment interest.

The controlling issue in this case is whether the "Counterclaim" is a suit to enforce the prior judgment, or a new cause of action. Underlying issues are the propriety of determining venue by a summary judgment proceeding, and whether the Bank waived the venue provisions of 12 U.S.C. § 94 by filing the prior lawsuit in the court in which venue is now being contested.

The test to determine if a pleading constitutes a suit to enforce a prior judgment, as opposed to a new suit, is whether the suit seeks to litigate new issues and controversies not attempted to be litigated in the

prior suit. Such issues and controversies constitute a new suit and not one to enforce a prior judgment. The only relief sought by Knuckley and Leal in their "Counterclaim" which was included in the prior judgment was an accounting. An accounting is defined in *Webster's New Collegiate Dictionary* (1975 ed.) as, "the system of recording and summarizing business and financial transactions in books and analyzing, verifying, and reporting the results; .... "

■ The Bank reported periodically to Knuckley and Leal: (1) all income from the operation of the apartment; (2) the source of the income by apartment number and tenant; and (3) all money disbursed, to whom disbursed and for what purpose. Upon sale of the project, a report was made as to all proceeds of the sale and to whom and for what reason it was disbursed. This fulfilled the accounting requirement of the prior judgment. Knuckley and Leal do not contend that the accounting was not made, rather they contest the Bank's classification of two different expenditures as operating expenses rather than capital expenditures. Knuckley and Leal's pleading for actual damages, exemplary damages, attorney's fees and interest are items not included in the prior suit. An accounting was the only item sought in the "Counterclaim" which was included in the prior suit. The Bank introduced summary judgment evidence which showed compliance with that portion of the first judgment requiring an accounting. The remaining portions of the Counterclaim constitute a new suit raising new issues and controversies not attempted to be litigated in the prior suit. Therefore the trial court was correct in sustaining the Bank's challenge to venue in this new cause of action.

■ Knuckley and Leal contend that the court of appeals was correct in holding that venue cannot be determined in a summary judgment hearing. We do not agree. The purpose of a summary judgment proceeding is to provide a speedy means for the disposition of controversies which do not present fact issues. We find no authority in Rule 166–A, Tex.R.Civ.Pro., or case law which

would deny the process in a venue hearing. Rather, it has been approved for that purpose in *Cogdell v. Fort Worth Nat. Bank*, 536 S.W.2d 257 (Tex.Civ.App.—Eastland, 1976) *cert. denied*, 429 U.S. 1096, 97 S.Ct. 1114, 51 L.Ed.2d 544 (1977) and, to determine jurisdiction in *Miers v. Housing Authority of City of Dallas*, 268 S.W.2d 796 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n. r. e.).

Knuckley and Leal further contend that the Bank waived its right to be sued in the courts of the district in which it was established by filing the original suit in Tarrant County to enforce its lien on the real property in Wichita Falls, Archer County, Texas. Waiver is the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *Texas & P. Ry. Co. v. Wood*, 145 Tex. 534, 199 S.W.2d 652 (1947). This same rule was applied in *Robertson v. Union Planters National Bank of Memphis, Tennessee*, 561 S.W.2d 901 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.). In *Robertson*, the national bank in Tennessee repossessed an automobile in Texas on which it held a lien. The borrower brought suit to recover damages for wrongful repossession. The bank urged exclusive venue in its home county in Tennessee. The court of civil appeals held that even though the bank had repossessed the automobile in Texas, such action did not constitute waiver. This holding is in accord with *Northside Iron & Metal Company, Inc. v. Dobson & Johnson, Inc.*, 480 F.2d 798 (5th Circuit 1973), and *Buffum v. Chase National Bank of New York*, 192 F.2d 58 (7th Circuit 1951) *cert. denied* 342 U.S. 944, 72 S.Ct. 558, 96 L.Ed. 702 (1952).

In this case the Bank, domiciled in New Jersey, had purchased a note secured by a lien on the Archer County, Texas property from a real estate investment trust located in Massachusetts. Upon failure of the mortgagor to make payment on the note, the Bank sued in Tarrant County, Texas, to enforce the lien. That action by the Bank in choosing the Tarrant County forum was not sufficient to waive its venue rights in a new cause of action involving new issues and controversies.

The judgment of the court of appeals is reversed and the judgment of the trial court is affirmed.