**Linda S. (Rothwell) NILES, Appellant,**

v.

**Richard O. ROTHWELL, Appellee.**

No. 11–89–272–CV.

Court of Appeals of Texas,
Eastland.

June 21, 1990.

Gerald Brantley, Abilene, for appellant.

Celia D. Trimble, Scarborough, Black, Tarpley & Trimble, Abilene, for appellee.

DICKENSON, Judge.

The sole issue is whether the judge of the family district court had the right to give a child support obligor credit for child support payments made directly to the child's managing conservator when the decree ordered payment through the district clerk. We affirm the trial court's ruling.

*Factual Background*

 Linda S. (Rothwell) Niles and Richard O. Rothwell, M.D., are the parents of one child, Melanie Elaine Rothwell, who was born on November 19, 1979. The child's parents were divorced on August 29, 1986, by a decree which named the mother as managing conservator and which required the father to pay child support at the rate of $2,000.00 per month. The decree specifically provided:

ACCORDINGLY, IT IS ORDERED AND DECREED that all payments shall be made through the District Clerk of Taylor County, Taylor County Courthouse, Abilene, Texas and thereafter promptly remitted to Linda S. Rothwell for the support of the child.

\* \* \* \* \* \*

IT IS FURTHER ORDERED AND DECREED that the child support as prescribed in this decree shall be exclusively discharged in the manner ordered and that *any direct payments made by Richard O. Rothwell to Linda S. Rothwell* or any expenditures incurred by Richard O. Rothwell during Richard O. Rothwell's periods of possession of or access to the child, as prescribed in this decree, for food, clothing, gifts, travel, shelter, or entertainment, *are deemed in addition to and not in lieu of the support ordered in this decree.* (Emphasis added)

\* \* \* \* \* \*

Without affecting the finality of this Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

### Current Controversy

The managing conservator, Linda, filed a motion on December 16, 1988, seeking to enforce the child support order by holding the obligor, Richard, in contempt for failing to make the child support payments through the district clerk for the months of February 1988 through November 1988 (asking that he be held in contempt and punished by a fine and by confinement for each violation), seeking judgment for the arrearage then due, and seeking an order for the withholding of child support from disposable earnings.

At the conclusion of the nonjury trial of this motion on January 19, 1989, the District Judge stated from the bench in open court:

Well, I think that my main concern is with the best interest of the child. I don't see that best interest having been served by various actions taken by both parties since the last time we were here.

First of all, with regard to the question of reimbursement ..., the medical expenses need to be submitted to every insurance carrier that there is that covers this child, and then whatever is not paid is to be split 50/50 between the parties. [The record shows that the child has cystic fibrosis and that the condition will require substantial medical treatment.]

\* \* \* \* \* \*

With regard to the payment through the registry of the Court, if I had a dollar for every father that I have told that that is for his protection as well, I could retire half of the national deficit. The reason for paying through the Court registry is so that we don't have these kinds of hearings.

\* \* \* \* \* \*

So insofar as you did not pay through the registry of the Court, you are in contempt, and for that I am going to fine you $50.

*Now, that brings us back to the confirming [of] an arrearage. I agree that it flies in the face of reason that you would just be sending $2000 checks to Linda Niles out of the goodness of your heart. However, the only proof I have you have submitted as to exactly what amounts were made not through the registry of the Court indicates that there is an arrearage of $8589.86, less $309.74 [or $8280.12].... Therefore, the arrearage will be confirmed at that amount.* (Emphasis added)

The written order confirms the arrearage as of the date of hearing to be $8,280.12, orders the obligor to pay one-half of that amount before June 30 and the balance before December 31, requires the payments to be made through the registry of the court, and orders obligor to pay $500.00 in attorney's fees to the managing conservator's attorney. There are no findings of fact and no conclusions of law pursuant to TEX.R.CIV.P. 296, and none were requested. Consequently, the judgment of the trial court must be affirmed on

any theory which is supported by the evidence. See, e.g., *Lassiter v. Bliss*, 559 S.W.2d 353 at 358 (Tex.1977).

### Sole Point of Error

The managing conservator filed an appellant's brief which asserts one point of error which reads in full as shown:

The trial court erred by failing to render judgment against Richard O. Rothwell, appellee, on behalf of Linda S. (Rothwell) Niles in the amount of $24,-000.00 (instead of $8,280.12) because there is *no evidence* to support any other judgment than a judgment for an arrearage of $24,000.00. (Emphasis added)

Appellant argues that the trial court could not consider any payments made by obligor which were not made through the registry of the court. We disagree.

### Decision and Reason

The evidence is sufficient to support the trial court's implied finding that appellant waived her right to insist upon payment through the registry of the court of those child support payments which she had accepted directly from the obligor. Waiver has been defined as "the intentional relinquishment of a known right *or intentional conduct inconsistent with claiming that right.*" (Emphasis added) *New Jersey Bank (N.A.) v. Knuckley*, 637 S.W.2d 920 at 922 (Tex.1982). The trial court thought it would be unfair, and we agree, for appellant to accept child support payments in the sum of $15,719.88 which had been paid directly to her and for her to then require him to duplicate those payments by paying the same amounts to her through the registry of the court.

Obligor paid $2,000.00 for each month from July 1986 through January 1988 ($38,-000.00) through the registry of the court. He paid $15,719.88 directly to her for the child support payments which were due from February 1988 through January 1989. The total child support obligation was $62,-000.00 as of the hearing on the motion. This leaves an arrearage of $8,280.12, which is the amount found by the trial court.

Appellant argues that the language of the original decree does not permit the trial court to give the obligor credit for any payments which were not made through the registry of the court. We do not agree. While the trial court could have refused to give the obligor credit for these payments, we hold that the trial court had the power to do what is in the best interest of the child and can do what is right, fair, and equitable. There is evidence to support the trial court's implied findings that these direct payments were intended as child support payments and that, by accepting these payments, appellant waived her right to insist upon their payment though the registry of the court. See and compare *Ex parte Mitchell*, 783 S.W.2d 703 (Tex.App.—El Paso 1989, original proceeding). The point of error is overruled.

The judgment of the trial court is affirmed.