Affirmed and Memorandum Opinion filed January 20, 2004














Affirmed and
Memorandum Opinion filed January 20, 2004.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-03-00424-CV

_______________

 

RONALD A. SCHACHTNER, II, Appellant

 

V.

 

CROSBY STATE BANK, Appellee

____________________________________________________

 

On Appeal from the 151st District
Court

Harris County, Texas

Trial Court
Cause No. 02-19160

____________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            In this breach of contract case,
appellant Ronald A. Schachtner contends summary
judgment was improperly granted in favor of appellee.  Because all dispositive
issues are clearly settled in law, we issue this memorandum opinion and
affirm.  See Tex. R. App. P. 47.4.




Background

            Appellant
financed a truck through appellee.  Appellee secured
the loan with a security interest in the truck. 
The parties executed a written contract consisting of a note and a
security agreement.  Appellant defaulted
on the loan by failing to make one of the payments by the due date.  Appellee
repossessed the truck as allowed under the contract by removing the truck from
appellant’s driveway.  Appellant was not
aware of the repossession until after it had occurred.  Appellant paid off the loan and filed this
suit claiming appellee breached the contract when it
repossessed the truck.[1]  Appellee filed a
traditional motion for summary judgment claiming that at least one element of
each of appellant’s causes of action was disproved as a matter of law.  The trial court granted the motion.

Discussion

            To
prevail on a motion for summary judgment, a movant
must establish that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon
v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  If a defendant
conclusively negates at least one of the essential elements of each of the
plaintiff’s causes of action, he is entitled to summary judgment.  Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).  In deciding
whether the summary judgment record establishes the absence of a genuine issue
of material fact, we view as true all evidence favorable to the non-movant and indulge every reasonable inference, and resolve
all doubts, in its favor.  Nixon, 690 S.W.2d at
548–49.

            The elements of a breach of contract
claim are (1) the existence of a valid contract; (2) performance or tender of
performance by the plaintiff; (3) a breach by the defendant; and (4) damage
resulting from the breach.  Frost Nat’l Bank v. Burge, 29 S.W.3d
580, 593 (Tex. App.—Houston [14th
Dist.] 2000, no pet.).  Appellee claims it conclusively negated the breach element,
entitling it to summary judgment.[2]  The facts regarding the repossession are not
in dispute.  When the parties agree on
the facts regarding performance of a contract, whether a party has breached a
contract is a question of law for the court. 
Meek v. Bishop
Peterson & Sharp, P.C., 919 S.W.2d 805, 808 (Tex. App.—Houston [14th
Dist.] 1996, writ denied). 
Because there is no dispute concerning appellee’s
actions, whether it breached the contract was a question of law.     

            The note portion of the contract
provided that in the event of a default by appellant, appellee
was entitled to use any remedies available under state or federal law.  Texas law allows
a secured party to take possession of the collateral after default without
judicial process, if it proceeds without a breach of the peace.  Tex.
Bus. & Com. Code Ann. §
9.609 (Vernon 2002). 
In its motion for summary judgment, appellee
claimed that because the repossession was accomplished without a breach of the
peace, appellee fully complied with section 9.609,
conclusively proving there was no breach of the contract.  See Robertson v. Union Planters Nat’l Bank, 561 S.W.2d 901, 904
(Tex. App.—El Paso 1978, writ ref’d n.r.e.) (holding repossession
of a vehicle from a driveway with no force and without the debtor’s awareness
did not constitute a breach of peace).  

            Appellant does not dispute that the
repossession was in compliance with state law.  Rather, he contends that when appellee entered onto his driveway without his permission,
it breached another clause in the security agreement portion of the contract
which stated “in addition to the
remedies listed in the note portion” appellee “may
take immediate possession of the property,” but in doing so it may not
“unlawfully enter onto” appellant’s premises. 
Appellant contends the summary judgment evidence raised a fact issue
concerning whether appellee’s entry onto his driveway
was lawful.  However, repossession of
collateral from a driveway is not unlawful. 
See Pioneer Fin. & Thrift Corp. v. Adams, 426 S.W.2d 317, 319 (Tex.
App.—Eastland 1968, writ ref’d n.r.e.);
see also Ford Motor Credit v. Cole,
503 S.W.2d 853, 855 (Tex. App.—Fort Worth 1974, writ dism’d).  Therefore, appellant’s summary judgment
evidence raised no issue of material fact.

            We also note that the portion of the
contract appellant claims was breached was not the only remedy available to appellee.  The
contract clearly states that the remedy was “in addition to” the other remedies already listed, which included
“any remedy . . . under state or federal law.” 
(Emphasis added.)  The evidence
was undisputed that appellee complied with the
portion of the contract that afforded it any remedy under state law.  Because appellee
did not breach the contract as a matter of law, summary judgment was properly
granted.

            Accordingly, the judgment of the
trial court is affirmed.

 

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed January 20, 2004.

Panel
consists of Chief Justice Hedges and Justices Anderson and Seymore.

 











            [1]  Appellant does not contest that he was in default.





            [2]  On appeal, appellee also
claims it negated the element of performance by appellant.  However, this ground was not presented to the
trial court, so we will not consider it. 
See Tex. R. Civ. P. 166a(c);  McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 339 (Tex. 1993).